JOSEPH ORGALL, ADMINISTRATOR, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.

FILED OCTOBER 1, 1895.    NO. 6322.

1. **Death by Wrongful Act:** PECUNIARY INJURY: PLEADING. A petition under chapter 21, Compiled Statutes, for the death of the plaintiff's intestate by the wrongful act of the defendant is fatally defective, which fails to show that the person or persons for whose benefit the action is brought have sustained pecuniary injury by the death of the deceased.

2. —— : —— : ——. Nor will the petition in the absence of such allegation support a judgment for nominal damages. (*Hurst v. Detroit City R. Co.*, 84 Mich., 539.)

3. —— : —— : ——. *Anderson v. Chicago, B. & Q. R. Co.*, 35 Neb., 95, distinguished.

4. **Review.** The court will not review a judgment of the district court upon allegations of error where the successful party is clearly entitled to judgment on the pleadings.

ERROR from the district court of Fillmore county. Tried below before HASTINGS, J.

*Webster, Rose & Fisherdick* and *E. W. Metcalf,* for plaintiff in error.

*T. M. Marquett, J. A. Kilroy,* and *J. W. Deweese, contra.*

Post, J.

This is a petition in error and presents for review a judgment of the district court for Fillmore county. The action below was to recover damages on account of the killing of the plaintiff's intestate, Maria Tatro, by an engine operated by the defendant company on the 26th day of June, 1891. At the trial below, before Hastings, J., and a jury, there was a verdict for the defendant at the conclusion of the plaintiff's evidence by direction of the court, and which ruling is the basis of this proceeding.

The facts which the plaintiff's evidence tends to establish are as follows: On the day of the accident the deceased purchased a ticket from the defendant's station agent at Grafton, good to Denver, Colorado, intending to take passage on the regular west-bound passenger train. On being advised by the agent that the train was two hours and twenty minutes late she decided not to wait at the station, and accordingly returned to the village south of the railroad track, going to the house of a friend, Mrs. Haney, and from thence to the store kept by a Mr. Haney. About an hour and a half or an hour and three quarters after the deceased had returned to the village, an extra or wild train approached the station running at a high rate of speed, estimated by some witnesses at thirty-five miles per hour. Regular warning was given of the wild train, and the witnesses agree that the engine whistle was sounded continuously from the time the train reached the first cross street of the village until it had passed the station, and also that the bell was ringing. At the first sound of the whistle the deceased and Mrs. Haney ran hurriedly toward the station, nearly a quarter of a mile distant. As they ap-

proached the side track, which is forty-five feet south of the main track, the deceased, who was in advance of Mrs. Haney, took the latter by the hand as if to assist her forward. At that point a Mr. Warren stepped in front of the women and raised his hands as if warning them to stop, although no witness was near enough to hear what, if anything, was said by him. They apparently took no notice of the warnings thus given, but ran toward the station platform on the north side of and adjoining the main track. As they approached the main track Mrs. Haney passed the deceased, and when in the act of crossing the track fell and was struck and killed by the engine. The deceased, who had in the meantime stepped from the sidewalk to the west or left-hand side, stooped forward as if attempting to rescue her companion, when she was struck on the head by the steam chest of the engine and also instantly killed. In addition to the rate of speed of the train in question it is alleged and proved that an elevator situated on the east and opposite side of the street from the sidewalk leading to the station partially obstructed the view from the street of trains approaching from the east, and that the view of the track was on that occasion further obstructed by a freight car by the defendant negligently permitted to stand on said track just west of the elevator above mentioned and partly in the street; also, that the sidewalk across the defendant's right of way, and adjacent to the main track, was so negligently constructed as to leave dangerous holes and spaces therein which were liable to cause passers-by to stumble and fall. It is further charged that the deceased's companion, Mrs. Haney, "was entangled by said dangerous sidewalk and thrown in front of the approaching train, and the deceased, in stooping to assist the former in her emergency, was struck," etc. The answer admits the killing of the deceased at the time alleged, but is in effect a denial of all of the other allegations of the petition.

It is strenuously insisted that there was sufficient evidence for the submission of the cause to the jury, and that the court accordingly erred in directing a verdict for the defendant. We are, however, unable to disturb the judgment of the district court, for the reason that, in our opinion, the petition fails to state a cause of action, and the ruling complained of is at most error without prejudice, since a second trial would necessarily result in a judgment adverse to the plaintiff.

The only allegation of the petition as to the next of kin of the deceased is the following: "The plaintiff is the father and next of kin of Maria Tatro, a single woman, who died without issue at the county of Fillmore, Nebraska, on the 26th day of June, 1891, intestate, and on the 29th day of September, 1892, letters of administration were duly issued to the plaintiff by the county court of Fillmore county, and plaintiff has duly qualified as such administrator and entered upon the duties of his office, and as such administrator brings this suit." It is by chapter 21, Compiled Statutes, provided:

"Section 1. That whenever the death of a person shall be caused by the wrongful act, neglect, or default, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, in respect thereof, then, and in every such case, the person who, or company or corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Sec. 2. That every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distrib-

uted to such widow and next of kin in the proportion pro-
vided by law in relation to the distribution of personal
property left by persons dying intestate; and in every such
action the jury may give such damages as they shall deem
a fair and just compensation with reference to the pecuniary
injuries, resulting from such death, to the wife and next of
kin of such deceased person, not exceeding the sum of five
thousand dollars; *Provided,* That every such action shall
be commenced within two years after the death of such per-
son."

It has been frequently held that a petition which does
not disclose the existence of some person who has suffered
pecuniary injury by the death of the deceased or to whom
he would have contributed in a pecuniary way, fails to state
a cause of action under the foregoing provisions. (*Topping
v. Town of St. Lawrence,* 86 Wis., 526; *Coops v. Lake S. &
M. S. R. Co.,* 66 Mich., 448; *Hurst v. Detroit City R. Co.,*
84 Mich., 539; *Charlebois v. Gogebic & M. R. Co.,* 91 Mich.,
59; *Anderson v. Chicago, B. & Q. R. Co.,* 35 Neb., 95, and
cases cited.)    We have not overlooked the following ex-
pression of the present chief justice in the last mentioned
case: "Under the proof they [the jury] were warranted in
inferring that the next of kin were not pecuniarily injured
by the death of the intestate, hence the plaintiff was only
entitled to recover nominal damages." But that language
was used with reference to the case then before the court,
by which it was sought by the plaintiff below to reverse a
judgment for nominal damages, and in nowise conflicts with
the rule here approved, while in *Hurst v. Detroit City R.
Co., supra,* it is expressly decided, on the authority of
*Franklin v. South E. R. Co.,* 3 Hurl. & N. [Eng.], 213,
and *Duckworth v. Johnson,* 4 Hurl. & N. [Eng.], 653,
that nominal damages are not recoverable in like cases in
the absence of an allegation and proof of pecuniary injury
to the next of kin or others beneficially interested in the
life of the deceased.    Nor was the plaintiff more fortunate

in his proof, from which it appears that the deceased, who was at the time of her death forty-three years of age, had resided in this state and Kansas for twenty years or more, during all of which period the plaintiff was a resident of the state of Wisconsin, and there is in the record nothing to indicate that she had ever contributed to his support, or that he was in any manner dependent upon her. True, the plaintiff was permitted, over the defendant's objection, to prove that the deceased was capable of earning from $3 to $5 per week as a nurse, but that fact alone will not, as we have seen, satisfy the requirements of the statute. Our only embarrassment in thus disposing of the cause is the fact that the arguments of counsel are devoted to the question of negligence alone, from which it may be inferred either that the sufficiency of the petition was not challenged in the district court, or that the question of pleading has been waived by the defendant in order to insure a determination of the cause on its merits in this court; but whatever motives may have led counsel to ignore that question, it cannot be overlooked by us, since it would be an idle and profitless proceeding to remand a cause for trial *de novo* which must inevitably result in a judgment adverse to the plaintiff in error. An actionable wrong is essential to every valid judgment, for, as has been said, "An unsupported judgment is as a foundationless structure." (Elliott, Appellate Procedure, sec. 471.) The direction complained of was right, and the judgment of the district court must be

AFFIRMED.