S. C. BURLINGIM v. WILLIAM BADERS.

FILED FEBRUARY 18, 1896.    No. 5751.

Transcripts: AUTHENTICATION: INSTRUCTIONS. Where there is no error sufficiently assigned in the petition in error to challenge the attention of the supreme court, except such as are claimed to have arisen upon the alleged giving or refusal to give instructions, an entire failure to authenticate these alleged instructions precludes the consideration of assignments of error with respect thereto.

REHEARING of case reported in 45 Neb., 673.

*Ed P. Smith, M. B. Reese,* and *E. C. Biggs,* for plaintiff in error.

*Norval Bros. & Lowley, contra.*

RYAN, C.

There is contained a clear statement of the issues and facts herein involved in a former opinion in this case, reported in 45 Neb. on page 673 *et seq.* After the above opinion had been filed there was granted a rehearing, upon which the errors alleged to have occurred have again been argued and submitted for consideration.

The assignments in the petition in error, that "the court erred in admitting evidence over the objection of the plaintiff in error," and that "there was error in excluding evidence offered by the plaintiff in error, to which ruling exception was duly taken," are too indefinite to receive attention. This is also true of the assignment that the court erred in overruling the motion for a new trial. There was sufficient evidence to sustain the verdict of the jury, and, as no good purpose could be subserved by rehearsing it, the general conclusion stated must answer every purpose.

No question aside from the above is presented by this petition in error, except such as are urged with reference to the alleged giving or refusal to give instructions. The authentication which follows the record is as follows: "I, George A. Merriam, clerk of the district court in and for said county, do hereby certify that the above and foregoing contains and is a true and perfect copy of all the pleadings on file and used in said entitled cause, and also, of all of the orders of the court entered of record in said case, as the same appears of record and on file in the clerk's office of said court, and that the attached bill of exceptions is the original bill of exceptions as settled in the

case.  In witness whereof," etc.  In this certifi-
cate there is no reference to instructions either
given or refused, and the assignments pertaining
to instructions of either class must therefore be
ignored.

The judgment of the district court is

AFFIRMED