JAMES A. HAKE ET AL. V. SAMUEL WOOLNER.

FILED JUNE 23, 1898.    No. 8163.

1. **Review: MOTION FOR NEW TRIAL.** Rulings of the court below during the trial, instructions given and refused, and the sufficiency of the evidence to sustain the verdict, to be available in this court, must have been raised by the motion for a new trial.

2. **Transcript for Review: AUTHENTICATION.** A paper included in the transcript purporting to be a motion for a new trial will be disregarded, unless authenticated by the certificate of the clerk of the district court.

ERROR from the district court of Otoe county. Tried below before CHAPMAN, J. *Affirmed.*

*Hall, McCulloch & Clarkson* and *Edwin F. Warren,* for plaintiffs in error.

*John C. Watson, contra.*

NORVAL, J.

A reversal of the judgment is asked on account of certain rulings of the court below during the progress of the trial, alleged errors in the instructions, and that the evidence is insufficient to support the verdict. All of these matters, to be available here, must have been raised by the motion for a new trial. (*Miller v. Antelope County,* 35 Neb. 237; *Viergutz v. Aultman,* 46 Neb. 141; *Dillon v. State,* 39 Neb. 92; *Losure v. Miller,* 45 Neb. 465; *Barr v.*

*City of Omaha*, 42 Neb. 341; *Barton v. McKay*, 36 Neb. 632.) The transcript contains a paper designated as a "motion for a new trial," but the same is not authenticated by the clerk of the district court, whose certificate is as follows:

"I, M. S. Campbell, clerk of the district court within and for Otoe county, hereby certify the foregoing to be a true transcript of the record in the within entitled cause; petition, amended petition, stipulation, answer, amended reply, instructions asked by plaintiff, refused, instructions asked by the defendant, refused, instructions of the court, journal entries, and bond, as the same appear on file and of record in my office.

"Witness my hand and the seal of said court this thirty-first day of May, eighteen hundred and ninety-five.

"M. S. CAMPBELL, *Clerk.*

"By MINNIE GILMAN, *Deputy.*"

This is a proper authentication merely of the matters specifically enumerated in the certificate, of which the motion for a new trial is not one. The authentication would have been complete and sufficient had it ended with the language, "hereby certify the foregoing to be a true transcript of the record in the within entitled cause." But what follows these words limits the force and effect of the certificate to the particular matters therein designated. The motion for a new trial, therefore, cannot be considered. (*Romberg v. Fokken*, 47 Neb. 198, and cases there cited.) The judgment is

AFFIRMED.