CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY V. ALONZO J. VAN BUSKIRK, ADMINISTRATOR.

FILED MARCH 8, 1899.     No. 8782.

Death by Wrongful Act: PLEADING: PECUNIARY INJURY. In an action for damages under the provisions of chapter 21, Compiled Statutes, a petition is fatally defective which discloses no survivor entitled by law to support by the person deceased, and in which, with reference to such survivor as is described, there is no averment of pecuniary injury.

ERROR from the district court of Dundy county. Tried below before NORRIS, J. Reversed.

W. S. Morlan, J. W. Deweese, and F. E. Bishop, for plaintiff in error.

J. W. James and Seth F. Crews, contra.

RYAN, C.

In this case there was a verdict and judgment in the district court of Dundy county against the Chicago, Burlington & Quincy Railroad Company, and this judgment defendant has brought the case into this court for review upon its petition in error. The action was brought by Alonzo J. Van Buskirk, administrator of the estate of Charles P. Van Buskirk, deceased, and it was alleged in the petition that, without fault on his part, the intestate named had suffered death through the negligent operation of the company's railroad. The seventh paragraph of the petition was in this language: "The said Charles P. Van Buskirk has neither wife nor children, but left Alonzo J. Van Buskirk, Mary P. Van Buskirk, his par-

ents, and Gertrude G. Eledge, Lewis G. Van Buskirk, * * * brothers and sisters, who are heirs at law and next of kin, who have been damaged in the sum of $5,000." There was no other averment than that just quoted from which it was attempted to show damages to have been caused to his next of kin by the death of the intestate. In *City of Friend v. Burleigh*, 53 Neb. 674, it was laid down as the rule sustained by authorities that under the provisions of chapter 21, Compiled Statutes, it was necessary to aver a loss of means of support, where, from the relation of the survivors of the deceased to him, the law would not presume that from his death such survivors had been deprived of their means of support. The petition in this case was defective in this particular, and the judgment of the district court is reversed.

REVERSED AND REMANDED.