CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY v. WILLIAM H. BOND, ADMINISTRATOR.

58   385
58   684
58   685

FILED APRIL 6, 1899.   No. 8822.

Death by Wrongful Act: PECUNIARY INJURY: PLEADING. In an action for damages under the provisions of chapter 21, Compiled Statutes, a petition is fatally defective which discloses no survivor entitled by law to support by the person deceased, and in which, with reference to such survivor as is described, there is no averment of pecuniary injury. *Chicago, B. & Q. R. Co. v. Van Buskirk*, 58 Neb. 252, approved and followed.

ERROR from the district court of Dundy county. Tried below before NORRIS, J. *Reversed.*

*W. S. Morlan*, *J. W. Deweese*, and *F. E. Bishop*, for plaintiff in error.

*J. W. James* and *Seth F. Crews*, contra.

HARRISON, C. J.

In this action instituted in the district court of Dundy county it was alleged that the death of Maud Bond had been caused by reason of the carelessness and negligence of the plaintiff in error, and the defendant in error had been duly appointed administrator of the estate of the deceased person. In the petition there appeared the following statement relative to damages: "The said Maud Bond has neither husband nor children, but left William

29

H. Bond and Sarah C. Bond, her parents, and Susan C. Bond, John W. Bond, Clarence E. Bond, Jessie Bond, Mamie Bond, and Herman L. Bond, brothers and sisters, who are heirs at law and next of kin, who have been damaged in the sum of $5,000." Issues were joined, and as the result of a trial judgment was rendered against the company, and for it there has been presented to this court a petition in error.

The contention is that the averment of the petition in regard to damages was insufficient. A suit which was predicated upon the same facts and circumstances was commenced and tried in the district court of Dundy county with a like termination. The language of the petition in that case on the subject of damages did not differ in effect from the one in the case at bar. That case was removed to this court by petition in error and the same question of the sufficiency of the plaintiff's pleading was raised as in this. It was therein determined that in an action as was that under the provisions of chapter 21 of the Compiled Statutes, the statutory law in respect to damages for death of a person caused by a wrongful act, neglect, or default, a petition was wholly insufficient in which there was not shown to be a party survivor who was dependent upon, or legally entitled to, support by the person whose death had been so caused, if there was also in the pleading a lack of statement of pecuniary injury to the persons therein alleged as survivors. *Chicago, B. & Q. R. Co. v. Van Buskirk*, 58 Neb. 252. See, also, *City of Friend v. Burleigh*, 53 Neb. 674.) A re-examination of the matter has produced no change in our views on the subject of the sufficiency of the statement which was attacked in each case, and it follows that the judgment must be reversed.

REVERSED AND REMANDED.