CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v.
HALLECK C. YOUNG, ADMINISTRATOR.

FILED JUNE 8, 1899. No. 8914.

1. **New Trial:** RULING ON MOTION: RECORD FOR REVIEW. Alleged errors occurring at the trial of a law action cannot be reviewed, unless there is in the record authentic evidence that a motion for a new trial was overruled by the district court.

2. **Carriers:** INJURY TO PASSENGERS: PLEADING. In an action to recover for injuries sustained by a person in consequence of the derailment of a railroad train upon which he was being transported as a passenger it is not indispensable that the petition should allege that the injury was the result of the wrongful act or omission of the carrier.

3. ——: ——: ——: PRESUMPTIONS. The presumption in such case is that the accident was caused by the carrier's negligence, and it is unnecessary to plead what the law presumes.

4. ——: ——: LIABILITY OF RAILROAD COMPANIES: POLICE POWER. The act of June 22, 1867 (Session Laws, p. 88), making railroad companies liable, in the absence of negligence, for injuries to passengers on their trains, is justifiable legislation under the police power of the state. It aims to promote safety in travel, and neither deprives such companies of their property without due process of law, nor denies them the equal protection of the laws.

5. **Death by Wrongful Act:** ACTION BY LEGAL REPRESENTATIVE. Under chapter 21, Compiled Statutes 1897, known as "Lord Campbell's Act," the legal representative of a person who has died in consequence of an injury sustained through the wrongful act, neglect, or default of another, has a right of action in all cases where the injured party might have maintained an action had he survived the injury.

6. ——; ——; PLEADING; PECUNIARY INTEREST OF PLAINTIFF.

Such action is for the benefit of the widow and next of kin of the deceased, and the recovery authorized is compensation for the pecuniary loss suffered. If the facts alleged in the petition do not show that the persons, for whose benefit the suit was instituted, had a pecuniary interest in the life of the deceased, the pleading is defective in substance.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Reversed.*

*M. A. Low, W. F. Evans, R. J. Greene,* and *L. W. Billingsley,* for plaintiff in error.

*Strode & Strode* and *Stewart & Munger, contra.*

SULLIVAN, J.

Halleck C. Young, as administrator of the estate of Ellsworth H. Morse, deceased, recovered judgment against the Chicago, Rock Island & Pacific Railway Company in an action brought under the provisions of chapter 21, Compiled Statutes 1897. The first section of the act is as follows: "That whenever the death of a person shall be caused by the wrongful act, neglect, or default, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, in respect thereof, then, and in every such case, the person who, or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony." The petition alleges the representative character of the plaintiff; that Morse was instantly killed by the derailment of defendant's train, upon which he was being transported as a passenger between Fairbury and Lincoln, in this state; that the deceased was at the time of the accident earning an annual salary of $1,800; and that he left surviving him, as next of kin, his mother, brothers, and sister, who have sustained damages to the amount of $5,000,

At the threshold of the case counsel for plaintiff challenge our right to consider and decide some of the questions raised by the defendant, on the ground that there is in the record no authentic evidence that the motion for a new trial was ever ruled on or brought to the notice of the district court in any way. Turning to the clerk's certificate we find that this objection is entirely valid and must, under the authorities cited, be sustained. (*Hake v. Woolner*, 55 Neb. 471; *Romberg v. Fokken*, 47 Neb. 198; *Burlingim v. Baders*, 47 Neb. 204.) It is not certified, either in general or in specific terms, that there is in the transcript brought here any order of the court upon the motion. We are, therefore, precluded from reviewing the alleged errors occurring at the trial. The sufficiency of the petition to support the judgment is the only question properly before us for decision. This pleading is vigorously assailed on various grounds. Counsel first contend that it is defective because it contains no direct averment that the death of Morse was the result of any wrongful act or omission of the railroad company. To this proposition we cannot assent. It is unnecessary to allege what the law presumes. (Bliss, Code Pleading sec. 175; 1 Boone, Code Pleading sec. 11.) In *Bishop v. Middleton*, 43 Neb. 10, it was held that a pleading which alleges facts from which the law presumes another fact, sufficiently pleads that other fact. To the same effect is *Engle v. Chicago, M. & S. P. R. Co.*, 77 Ia. 661. An admission of the facts stated in the petition would be, of course, an admission of the fact supplied by implication of law. In this state the presumption is that one who has been injured while being transported as a passenger by a common carrier was injured in consequence of the carrier's negligence. (*Spellman v. Lincoln Rapid Transit Co.*, 36 Neb. 890; *Lincoln Street R. Co. v. McClellan*, 54 Neb. 672, 74 N. W. Rep. 1074.) Construed in the light of these decisions, the petition plainly shows that defendant's culpable conduct was responsible for the accident in which Morse lost his life.

It is next insisted that the action cannot be maintained because the statute imposing a liability on railroad companies, in the absence of negligence, is unconstitutional and void. As we have already shown, the petition, by legal implication, charges the defendant with negligence, and therefore states a cause of action entirely independent of the statute. But we do not rest our decision upon that ground alone. The third section of the act of June 22, 1867, is as follows: "Every railroad company, as aforesaid, shall be liable for all damages inflicted upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the person injured, or where the injury complained of shall be the violation of some express rule or regulation of said road actually brought to his or her notice." (Compiled Statutes 1897, ch. 72, art. 1, sec. 3.) The validity of this law has been assumed in many cases decided by this court. (*Chollette v. Omaha & R. V. R. Co.*, 26 Neb. 159; *Omaha & R. V. R. Co. v. Chollette*, 33 Neb. 143; *Missouri P. R. Co. v. Baier*, 37 Neb. 235; *Chicago, B. & Q. R. Co. v. Landauer*, 39 Neb. 803; *St. Joseph & G. I. R. Co. v. Hedge*, 44 Neb. 448; *Chicago, B. & Q. R. Co. v. Hague*, 48 Neb. 97; *Chicago, B. & Q. R. Co. v. Hyatt*, 48 Neb. 161; *Fremont, E. & M. V. R. Co. v. French*, 48 Neb. 638.) In *Union P. R. Co. v. Porter*, 38 Neb. 226, the section quoted was assailed on the ground that it violated the constitution; but the court expressly held that its enactment was not an unwarranted exertion of legislative power. The point was again raised in *Omaha & R. V. R. Co. v. Chollette*, 41 Neb. 578, and the constitutionality of the act was again distinctly affirmed. Whether these decisions are altogether sound in principle, we will not now stop to inquire. They silence opposition by their mere numerical strength; and without acknowledging a servile submission to precedent, we feel bound to accept them as conclusive evidence of what the law is.

It is further contended that the petition does not show

any liability on the part of the defendant, because the statute above set out was intended to apply only to cases where the party injured survives the injury and sues in his own behalf for indemnity. This contention cannot be sustained. It was decided in *Omaha & R. V. R. Co. v. Chollette, supra,* that a husband might, under this statute, sue for and recover consequential damages which he had suffered in consequence of an injury inflicted upon his wife. And in *Chicago, B. & Q. R. Co. v. Hague, supra,* it was held that an administrator was entitled to maintain an action for the benefit of the widow and next of kin of his intestate who was killed while being carried as a passenger on a railroad train. By the act of 1867, one who has been injured while being transported as a passenger on a railroad train is entitled to recover damages from the carrier, unless the injury was the result of his own gross negligence, or the violation of some express rule or regulation of the company of which he was cognizant. The legislature by this act defined the duty of railroad corporations to their passengers and created a new right of action. The act of 1873 (Compiled Statutes 1897, ch. 21), commonly known as "Lord Campbell's Act," also created a new right of action. It gives to the legal representative of a person who has died in consequence of an injury sustained through the wrongful act, neglect, or default of another a right of action in all cases where the injured party might have sued had he survived the injury. Obviously the decisive test of the right of an executor or administrator to sue under the provisions of chapter 21 is this: Would the deceased be entitled to sue with respect to the injury if he had not died in consequence of it? There is nothing whatever to indicate an intention on the part of the legislature to except from the operation of the act of 1873 cases arising under the act of 1867, and we are, therefore, not warranted in limiting by construction the ordinary import of the language employed in the later act. Discussing a question similar to the one here under consideration Marshall, J., in *Ean v. Chicago, M. & S. P.*

R. Co., 95 Wis. 69, said: "There is nothing, either in the terms or the spirit of the act, from which the court can say the legislative idea was to confine its effect to rights of action in favor of injured persons, as the law existed on the subject at the time section 4255 was passed. On the contrary, it is too plain to be open to serious discussion that the legislative intent was to give a right of action to the personal representatives of a deceased person in all cases where such person would be entitled to recover damages for his injury if death had not ensued."

The final ground upon which defendant assails the petition is that the persons for whose benefit the action was instituted do not appear to have suffered any pecuniary injury by the death of Ellsworth H. Morse. We think this objection is valid and that it must be sustained. In *Regan v. Chicago, M. & S. P. R. Co.*, 51 Wis. 599, which was an action to recover for wrongfully causing the death of plaintiff's intestate, a general allegation of damages was held to be insufficient. In *Missouri P. R. Co. v. Baier*, 37 Neb. 235, the holding in the Wisconsin case was approved by the author of the opinion, although the precise point was not before the court for decision. In *Kearney Electric Co. v. Laughlin*, 45 Neb. 390, the petition alleged that the deceased left surviving him a widow and several minor children who were dependent upon him for support. It was held that a general averment of damages was sufficient; but in the course of the opinion it was said: "It is not doubted that the petition based on this statute must aver facts showing that the person for whose benefit the action was brought have, by reason of the death of the intestate, sustained pecuniary loss, injury, and damages." In *Orgall v. Chicago, B. & Q. R. Co.*, 46 Neb. 4, the petition alleged that the deceased was a single woman and the daughter of the plaintiff. The court expressly decided, citing *Hurst v. Detroit City R. Co.*, 84 Mich. 539, and two English cases,* that a cause of action for even

*Franklin v. South E. R. Co.*, 3 Hurl. & N. 213; *Duckworth v. Johnson*, 4 Hurl. & N. 653.

nominal damages was not stated. In the *City of Friend v. Burleigh*, 53 Neb. 674, the petition disclosed that the deceased left surviving him a widow and six children, and that at the time he was injured he was engaged in a lucrative business. The averment was held sufficient to show a pecuniary injury to the persons for whose benefit the case was prosecuted; but RAGAN, C., after citing the earlier cases in this court, said: "The rule deducible from these cases, as well as from the weight of cases elsewhere, is that the petition must show facts from which a pecuniary loss is inferable." In *Omaha & R. V. R. Co. v. Crow*, 54 Neb. 747, 74 N. W. Rep. 1066, it was held, following the *Burleigh Case*, that where the petition disclosed that the deceased left a widow or other relatives whose support devolved upon him as a legal duty, it would be presumed that pecuniary loss resulted from his death. In *Chicago, B. & Q. R. Co. v. Van Buskirk*, 58 Neb. 252, 78 N. W. Rep. 514, it was held that a petition alleging that the deceased left as his heirs and next of kin a father, mother, brother, and sister did not state facts sufficient to constitute a cause of action. The question was again presented in *Chicago, B. & Q. R. Co. v. Bond*, 58 Neb. 385, 78 N. W. Rep. 710.) The averments of the petition relative to damages were practically the same as in the *Van Buskirk Case*. In an opinion holding the pleading defective in substance the present chief justice, after referring to the earlier cases, said: "A re-examination of the matter has produced no change in our views on the subject of the sufficiency of the statement which was attacked." These decisions and *dicta* must be regarded as settling the rule of pleading in this state. Whether upon this question we are in line with the current of authority in other jurisdictions is not important. The rule we have adopted is not contrary to sound principle. It is reasonable and just, and after mature deliberation we have concluded to adhere to it. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED,

NORVAL, J.

Upon principle I am persuaded that while some of the averments of the petition might have been sucessfully assailed by a motion to make more definite and specific, it sufficiently appears from the facts pleaded, and the inferences properly to be drawn therefrom, that by the death of Morse his next of kin sustained a pecuniary loss, and that a cause of action is stated. I concede that *Chicago, B. & Q. R. Co. v. Van Buskirk*, 58 Neb. 252, and *Chicago, B. & Q. R. Co. v. Bond*, 58 Neb. 385, cited in the foregoing opinion, fully sustain the proposition that the petition filed in the cause in the court below does not state sufficient facts to constitute a cause of action. The writer dissented from the denying of motions for rehearing in those cases, believing the decisions unsound and against the great weight of the authorities in this country; but the opinions in those cases having become the settled law of this state I am constrained, although reluctantly, to agree to the entry of a judgment of reversal herein.