THOMPSON v. CHICAGO, M. & ST. P. RY. CO. et al.

(Circuit Court, D. Nebraska. November 23, 1900.)

No. 253.

1. WRONGFUL DEATH—ACTION FOR DAMAGES—NEBRASKA STATUTES.

The action for wrongful death, authorized by the Nebraska statute (Comp. St. 1897, c. 21), under the construction of such statute by the supreme court of the state, is one which can be maintained only for the pecuniary loss sustained by the next of kin of the deceased, for whose benefit the recovery is permitted, and general damages are recoverable only where such next of kin are persons who were dependent upon the deceased for their maintenance, or to whom he was under legal obligation to furnish such maintenance. In other cases there can be no recovery unless special damages to the next of kin are alleged and proved.

2. PARENT AND CHILD—RIGHT OF FATHER TO EARNINGS OF MINOR CHILD—EFFECT OF DESERTION.

A father who has deserted his family, and for years has not communicated with them or furnished them any support, has no legal claim upon the earnings of his minor children: the desertion operating as an emancipation of the children.

3. WRONGFUL DEATH—ACTION FOR DAMAGES—NEBRASKA STATUTE.

Plaintiff's intestate, a boy 14 years old, was killed through the negligence of defendant; the injury being one for which he might have maintained an action had he lived. A statute of the state (Comp. St. Neb. 1897, c. 21) provided that in such case the defendant should be liable to an action for damages for the benefit of the next of kin, notwithstanding the death. The father of the deceased had deserted his family some 10 years before, and thereafter held no communication with them, and furnished them no support, but he was still living, and under the statutes of the state was the next of kin and sole heir at law of the deceased. The boy had lived with his mother, who was dependent upon his earnings and her own for support. *Held*, that there could be no recovery for the death under such statute, since the father, by his desertion, had forfeited his right to his son's earnings, and had therefore sustained no pecuniary damages by his death, and the mother, while entitled to his earnings, was not the next of kin, within the meaning of the statute, which gave no right of action for the recovery of her damages.

Action at Law. On motion for new trial.

J. L. Kaley, for plaintiff.
John C. Cowin and T. J. Mahoney, for defendant.

MUNGER, District Judge. This is an action brought by plaintiff, as administratrix of the estate of one Edward J. Thompson, deceased. The petition alleges that the plaintiff and one William J. Thompson were married in November, 1881, and that the deceased was the fruit of said marriage; that said Edward J. Thompson was, at the time of his decease, 14 years of age; that William J. Thompson, the husband of the plaintiff, more than 10 years prior to the bringing of the action, wrongfully deserted herself and family, had been absent from them since that time, and had furnished no sustenance or support for them, or either of them; that the deceased was a strong, healthy, capable,

and obedient child; that for several years next preceding his death he rendered to plaintiff much and valuable service and assistance, and earned wages; that she was wholly dependent upon him for support, except such support as she received from her own efforts; that deceased had constantly improved in capacity and usefulness in rendering assistance to her, and would have continued to do so had he lived, and that he devoted all his earnings, and at all times gave his best efforts, in rendering all the aid and assistance to plaintiff in his power, up to the time of his death, and would have continued to do so, not only until he reached his majority, but thereafter as well, had he lived. Plaintiff in her petition further alleges that said Edward J. Thompson was, on the 20th day of January, 1898, killed by certain acts on the part of the agents and employés of the defendants, which said acts constituted negligence upon the part of the defendants of such a nature and character that, had the said Edward J. Thompson lived, he would have been legally entitled to recover damages from said defendants for the injuries which he sustained by reason of said negligent acts specifically alleged to have been committed by the defendants; that on the 26th day of April, 1898, plaintiff was by the county court of Douglas county, Neb., duly appointed administratrix of the estate of Edward J. Thompson, deceased. The petition further alleges that plaintiff is the mother and next of kin of said deceased, and that she has sustained damages by reason of the death of said deceased in the sum of $5,000, for which she prays judgment. The answer of the several defendants denies the acts of negligence charged against them, denies that plaintiff is the next of kin of deceased, and further denies that plaintiff or the next of kin has sustained any damage by reason of the death of said Edward J. Thompson.

The cause came on for trial upon the issues joined. Testimony was introduced on the part of the plaintiff, which, in substance, established the fact that the death of deceased was caused by the negligent acts of the defendants, as stated in the petition. The evidence further established the fact that William J. Thompson, father of deceased, was at the time still living; that for more than 10 years prior thereto he deserted plaintiff and his child, the deceased, had wholly failed to contribute to the support of either his wife or child, and during said time had not visited or communicated with them. At the close of plaintiff's evidence the court directed the jury to return a verdict for the defendants, on the ground that the action was one brought under the provisions of chapter 21, Comp. St. Neb. 1897, under which statute the action could only be maintained for the pecuniary loss which the next of kin to deceased had sustained by reason of his death; that under the statutes of Nebraska the father was the next of kin and only heir of deceased; that, under the allegations contained in the petition and the evidence in support thereof, it conclusively appeared that the father, the next of kin, had not sustained any pecuniary loss for which a recovery could be had, under the provisions of the statute. Plaintiff has filed a motion for a new trial, and challenges the correctness of the rule of law thus announced to the jury in directing a verdict.

In support of the motion for a new trial, it is strenuously argued that, to maintain an action under this statute, it is only necessary to allege and show that the death was caused by acts upon the part of the defendants of such a character as would have entitled the deceased to recover had he lived, and that upon his death he left next of kin. It is further argued that the father, being next of kin, was entitled to the services and earnings of deceased, and hence entitled to recover such sum as the jury should deem a fair and just compensation therefor. If plaintiff's contention as to the law in this respect is correct, and numerous authorities are cited in support thereof, then a new trial should be granted. If, however, the rule as announced by the court is the correct rule in this jurisdiction, then the motion for a new trial should be denied.

The present action, being one unknown at common law (Insurance Co. v. Brame, 95 U. S. 754, 24 L. Ed. 580; Sullivan v. Railroad Co. [C. C.] 2 Fed. 447), but based upon the state statute, the decisions of the supreme court of this state construing the statute are binding upon this court. This being an action at law, the rules of pleading and practice, as announced by the supreme court of the state, also govern this court. The statute of the state which is the basis for the present action has been construed in numerous cases by the supreme court. City of Friend v. Burleigh, 53 Neb. 674, 74 N. W. 50; Orgall v. Railroad Co., 46 Neb. 4, 64 N. W. 450; Railroad Co. v. Van Buskirk, 58 Neb. 252, 78 N. W. 514; Railway Co. v. Young, 58 Neb. 678, 79 N. W. 556. An analysis of these cases establishes the doctrine that the facts stated in the petition must show that the next of kin were persons who were dependent upon deceased for their maintenance and support, or that deceased was under a legal obligation to furnish such next of kin support and maintenance, and that the facts must support such allegations to entitle the party to recover, under a general claim of damages. If special damages have been sustained by the next of kin, such special damages must be alleged in the petition. They cannot be shown or recovered under a general claim of damages. The supreme court of the state, in announcing this rule, expressly adopt the rule announced by the supreme court of Michigan in the case of Hurst v. Railway Co., 84 Mich. 539, 48 N. W. 44, wherein it was held that the father was not entitled to recover for the loss of services on account of the death of his minor child, in the absence of allegations of fact in the petition showing that such minor child would have rendered services which would have been of value to the father; that the claim for loss of services was in the nature of special damages which must be specially alleged and proven. While the rule, as announced by the supreme court of this state in following the Michigan case, is not in harmony with the doctrine announced in many other states, as shown by the authorities cited upon the part of the plaintiff, yet the court in Railway Co. v. Young say:

"Whether upon this question we are in line with the current of authority in other jurisdictions is not important. The rule we have adopted is not contrary to sound principle. It is reasonable and just, and, after mature deliberation, we have concluded to adhere to it."

Such being the rule as announced by the supreme court of this state, and which is binding upon this court, it follows that, under the pleadings and proof in this case, no recovery can be had based upon the loss of services to the father, the next of kin, for the reason that such loss is not pleaded; but, as the petition in this respect might be cured by amendment, the court is not disposed to rest the decision upon that ground.

Under the law in this state, there can be no question that the father was the next of kin to deceased, and that the recovery in this case, under the statute in question, can only be had for the damages which it may be reasonably inferred the father has sustained by reason of the death of his minor son. If the petition should be amended, the facts, nevertheless, would remain that the father, more than 10 years prior to the deceased's death, abandoned his wife and deceased, and gave them no support and protection. Under such state of facts, is the father entitled to the services of the son whom he thus abandoned? In Rodg. Dom. Rel. § 467, it is said:

"If the father deserts and abandons his family, exercises no control over them, interferes with them in no way, manifests no interest in their welfare, does not communicate with nor look after them, the relation of master and servant is dissolved, and the principal of servitude no longer sustains the right of the father to the wages of his infant son. It is as if the father were dead, and the custody of the child and the right to appropriate his earnings thereby devolve upon the mother. If the father refuses to be a parent in act as well as in name, the law will not recognize his right to control the earnings of his infant child, whom he thus casts aside to neglect."

The rule is well settled that, if the father emancipates his minor child, he is no longer entitled to the earnings of such child, and emancipation may be inferred by acts.

In 17 Am. & Eng. Enc. Law, p. 397, it is said:

"If the parent forces the child to leave the house or deserts or abandons him, the child is released from all filial duties which the law will enforce, and may seek his own welfare in his own way. Thus, an emancipation may be accomplished by wrong and violence."

And, as stated by Schouler, Dom. Rel. § 267: "This is termed the presumption of necessity."

In the note to Wilson v. McMillan, 35 Am. Rep. 117, it is said:

"Emancipation is always presumed in cases of necessity. Thus, if the parent absconds, expels his child, or leaves him to shift for himself, and refuses or neglects to provide, emancipation is presumed. * * * It would certainly be a great defect in the laws of any civilized people if they furnished no mode by which the innocence and helplessness of infancy, and the purity and ingenuousness of youth, could be protected from the brutality of an unnatural parent. As a father may forfeit his right to the custody and control of his child's person by abusing his power, so, by neglecting to fulfill the obligations of a father, he may forfeit his right to the fruits of his child's labor. If he provides no home for his protection, if he neither feeds nor clothes him, nor ministers to his wants in sickness or health, it would be a most harsh and unnatural law which authorized the father to appropriate to himself all his child's earnings. * * * But where the father has discharged himself of the obligation to support the child, or has obliged the child to support himself, there is no principle but that of slavery which will continue his right to receive the earnings of the child's labor."

Suppose, in this case, the motion for a new trial should be sustained, and plaintiff permitted to amend the petition to correspond with the facts, by showing that at the time of the death of deceased his father was living, still plaintiff could not recover, as, upon a new trial, the fact must remain the same, that the father abandoned the child years before, in a manner and under circumstances which must be held to be an act of emancipation on the part of the father, and for reason thereof the father is not entitled to, and could not, recover for the services of deceased. Then, under such facts, plaintiff would not even be entitled to judgment for nominal damages.

While it is true that, the emancipation on the part of the father being presumed because of his desertion of his child, the right to the earnings of the child would belong to its mother, yet a recovery could not be had in this case, for the reason that the mother was not the next of kin, the father having survived the child. It is doubtless true that in a case like this the mother ought to receive the damages which would, but for the desertion and emancipation upon the part of the father, entitle him to recover, yet the court cannot extend the provisions of the statute which limits the recovery to the pecuniary loss sustained by the next of kin only. The father being the only next of kin, and having sustained no loss, the motion for a new trial is overruled.