JOHN B. GREENWOOD, ADMINISTRATOR, APPELLEE, v. JOHN W. KING, APPELLANT.

FILED JUNE 4, 1908.   No. 15,193.

1. **Death:** PLEADING. A petition filed by the personal representative of a deceased person under the provisions of Lord Campbell's act, as it has been adopted in this state, alleged that the next of kin, naming them, were dependent upon the deceased for support. *Held,* That this is a sufficient pleading of a fact from which it may be inferred that the next of kin had suffered a pecuniary loss by reason of the unlawful act of the defendant.

2. ———: ———. In an action under the provisions of Lord Campbell's act, the petition, in substance, alleged that the defendant as decedent's physician carelessly, negligently and unskillfully treated the plaintiff, and that he wrongfully and carelessly failed to make an examination of the deceased such as a physician of ordinary care would have done, and diagnosed her disease as one other than appendicitis, with which she was, in fact, suffering. *Held,* Sufficient to show that, had death not resulted through the alleged wrongful acts of the defendant, the deceased could have maintained an action in damages for the wrongs set forth.

3. ———: DAMAGES. In an action under the provisions of Lord Campbell's act to recover damages on account of the death of an unmarried adult where the father is the only next of kin entitled to the benefit of such action, the rule for measuring the compensatory relief is to ascertain, as nearly as possible, the

pecuniary benefit which the father might reasonably have expected to receive from his deceased child had her life not been terminated by the defendant's wrongful act.

4. ———: ———: QUESTION FOR JURY. It is not necessary that there should be a legal or even a moral obligation resting upon the deceased to support her next of kin in order to permit the personal representative to maintain an action under the provisions of Lord Campbell's act. The contributions to the support or benefit of the next of kin which might reasonably have been expected from the deceased had her life not been terminated by the wrongful act of defendant is an element of damages, but the same must be ascertained by the jury under proper instructions.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Reversed.*

*J. C. Robinson* and *Millard & Snider,* for appellant.

*Wilbur F. Bryant, contra.*

EPPERSON, C.

In a trial to a jury the plaintiff, as administrator of the estate of Mary Maud Greenwood, deceased, recovered a verdict and judgment, from which the defendant appeals. In his petition plaintiff alleged that his decedent suffered death through the malpractice of the defendant, a physician and surgeon. At the beginning of the trial the defendant demurred to the petition *ore tenus.* His demurrer was overruled. It is contended that the petition is fatally defective because it does not allege that the deceased left surviving her any person who sustained a pecuniary loss on account of her death. In this respect the petition alleged: "The said Mary Maud Greenwood was 20 years of age and upwards at the date of her decease, and left surviving her next of kin, that is to say, her father, John B. Greenwood, the plaintiff, her mother, Lucy J. Greenwood, her brothers, Willie F. Greenwood, aged 18 years, Emory R. Greenwood, aged 16 years, Roy Greenwood, aged 7 years, and a sister, Bessie May Green-

wood, aged 12 years, dependent upon her for support, all of whom have suffered pecuniary damages by the death of plaintiff's intestate." The action was brought under the provisions of Lord Campbell's act, as it was adopted by our legislature. Section 5199, Ann. St. 1907, provides for the recovery of damages whenever the death of a person shall be caused by the wrongful act, neglect or default of any person, whenever the act, neglect or default is such that, if death had not ensued, it would have entitled the party injured to maintain an action for damages in respect thereof. Section 5200 provides: "That every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow or widower and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate, and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the widow or widower and next of kin of such deceased person; provided, that every such action shall be commenced within two years after the death of such person." The sufficiency of a petition under this act with respect to allegations of damages sustained by the next of kin has been discussed by this court and the authorities reviewed in a number of cases. See *Omaha & R. V. R. Co. v. Crow*, 54 Neb. 747; *City of Friend v. Burleigh*, 53 Neb. 677; *Chicago, R. I. & P. R. Co. v. Young*, 58 Neb. 678. A review here of all these authorities is unnecessary. A clear distinction is made by the authorities between an action instituted for the benefit of the widow and the next of kin upon whom the law confers the right to be supported by the person killed, and those next of kin to whom the law does not necessarily give such right to support. In the opinion in *City of Friend v. Burleigh, supra,* we find the following:

"In the case of collaterals or others not legally dependent upon the deceased, at least where they are not heirs at law, facts must be pleaded showing an actual pecuniary interest in his life. Where, however, it is pleaded that the next of kin sustain such a relationship to the deceased that the law imposes upon him a duty to support them and that practical ability existed to enable him to perform that duty, a pecuniary interest is pleaded."

The rule is that facts must be pleaded from which it may be inferred that the next of kin have sustained a pecuniary loss by reason of the wrongful act of the defendant. If the plaintiff discloses that the deceased was one upon whom the law imposed the duty of maintaining the next of kin, it is for this reason a sufficient allegation of fact from which a pecuniary loss may be inferred. But, if the deceased was one upon whom the law does not impose the duty of maintaining her next of kin, then the fact of their relationship alone is insufficient to show that the next of kin have sustained recoverable damages. And in those cases such facts as exist must be pleaded to show that the next of kin have sustained such damages. In the case at bar the deceased was an unmarried adult. She left surviving her both parents, a sister and brothers. Is the allegation of the petition that the next of kin of decedent were "dependent upon her for support, all of whom have suffered pecuniary damages by the death of plaintiff's intestate," a sufficient allegation of pecuniary loss sustained by her father? It is admitted that the father is the only one who is entitled to participate in the amount recoverable. We think the allegation is sufficient. "That her next of kin were dependent upon her for support" is the statement of a fact showing a pecuniary interest in her life. This allegation differs materially from the allegations in the petitions considered in the cases relied upon by the defendant. In those cases no allegation of fact appeared from which a pecuniary loss to the next of kin could be inferred; but the plaintiff in each case depended upon the alleged facts of the unlawful

killing, and the relationship existing between the deceased and his next of kin, or the conclusion that plaintiff had been damaged, as a sufficient pleading of a pecuniary loss. In *Chicago, B. & Q. R. Co. v. Van Buskirk,* 58 Neb. 252, the deceased, an adult, left surviving him his parents as his next of kin. The petition therein alleged no facts showing a pecuniary loss by reason of his death, but alleged the bare conclusion that the next of kin have been damaged. The same conditions also prevailed in *Chicago, B. & Q. R. Co. v. Bond,* 58 Neb. 385. Possibly the plaintiff's petition should have been made more specific and certain had a motion therefor been made by the defendant, but that a pecuniary loss is alleged by one depending upon the deceased for support there can be no doubt.

Another objection to the petition is that it fails to state any fact or circumstance showing that the deceased, if death had not ensued, could have maintained an action against the defendant. This objection cannot be sustained. The petition sufficiently alleges that the defendant as decedent's physician carelessly, negligently and unskillfully treated the plaintiff, and that he wrongfully and carelessly failed to make an examination of the deceased such as a physician of ordinary care would have done, and diagnosed the disease as one other than appendicitis, with which the deceased was, in fact, suffering. Had the deceased survived the defendant's treatment, under the allegations herein it is apparent that she could have maintained an action in damages for the wrongs alleged.

The defendant assails a part of instruction numbered 9, which is as follows: "And if you find for plaintiff the amount which he should recover in this action, if any, you should consider the situation of deceased as disclosed by the evidence, her annual earnings, her habits, her health, and her estate, if any, the profits of her labor, which she would have earned had she lived for the support of those entitled to recover, and the probability or the reasonable expectation of the life of deceased at the time of her death; and, in determining this, you may

take into consideration the tables of expectancy which have been introduced in evidence." This we will consider with instruction numbered 19, also objected to, which is as follows: "If you find for the plaintiff in this action, you will find the amount of his damage to be the net yearly earnings of Mary Maud Greenwood, multiplied by her expectancy of life, which according to the Carlisle table of mortality is 41.46 years." These instructions are erroneous, and require a reversal of the judgment. The evidence disclosed that deceased earned as a school teacher $300 during the year preceding her death. From this she paid her own expenses, and delivered to her mother for the support of the family the equivalent of about $190. The Carlisle table of expectancy was introduced in evidence without objection, according to which a healthy person of the age of the deceased had an expectancy of 41.46 years. It therefore appears that, under instructions quoted, the jury finding for the plaintiff should have returned a verdict for $7,877.40. The instructions assume that the deceased would have devoted the net income of the remainder of her life to the support and benefit of the plaintiff, and that the father's expectancy was equal to that of the deceased. The amount of damages sustained by the father is the present value of whatever sum the deceased adult child would have contributed to him or would have expended in his behalf. The rule for measuring such compensatory relief is to ascertain, as nearly as possible, the pecuniary benefit which the father might reasonably have expected to receive from his deceased child had her life not been terminated by defendant's wrongful act. The jury should have been so instructed. It is not necessary that there should be a legal or even a moral obligation resting upon the deceased to support her next of kin in order to permit them to maintain an action for her unlawful or negligent killing; but, if the facts established by the evidence are sufficient to show that a pecuniary loss has resulted, the next of kin are entitled to recover the amount thereof, to be deter-

mined by a jury, who take into consideration all the circumstances, the relationship existing between the parties, their mode of living, and the habits of the deceased with reference to contributing to the support of her family, and the probability of her continuing to do so. Although the verdict was for but $1,000, we cannot say that the erroneous instructions above quoted were without prejudice. The fact that deceased had contributed her one year's wages to her father's family does not of itself indicate that she would continue to do so for a number of years. It is not shown that the continued assistance of the deceased daughter was a necessity to the family. The older sons were earning fair wages, and at the time of the trial the father testified that he could then make his own living. Undoubtedly the contributions to the support of the family which the father might reasonably have expected from the deceased is an element of damages, but the same should have been ascertained by the jury under proper instructions. To hold that the errors complained of were without prejudice in this case would be equivalent to saying that the jurors were infallible, and that, too, when considering but meagre evidence, under instructions which their oaths required them to follow, and which directed that the damages be measured by a broad and erroneous rule. Probably the jury considered that the deceased would have contributed her life's earnings to her family, but that the father's interest therein would amount only to $1,000.

We recommend that the judgment of the district court be reversed, and the cause remanded for further proceedings.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.