THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

FREDERICK W. BRODIE, Admr.

*Filed at Ottawa May 15, 1895.*

DAMAGES—*when only nominal, from death by negligence.*   Only nominal damages can be recovered for the death of a brother incapable of supporting himself by reason of habitual drunkenness, under the act allowing next of kin to recover for pecuniary injuries resulting from death by negligence.

*North Chicago Street Railway Co.* v. *Brodie,* 57 Ill. App. 564, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

EGBERT JAMIESON, and VAN VECHTEN VEEDER, for appellant :

The court committed reversible error in refusing to instruct the jury, as requested by the defendant, as to the measure of damages applicable in this case. *Railroad Co.* v. *Shannon,* 43 Ill. 346; *Railroad Co.* v. *Swett,* 45 id. 205; *Chicago* v. *Scholten,* 75 id. 471; *Coal Co.* v. *Hood,* 77 id. 73; *Conant* v. *Griffin,* 48 id. 413; *Railroad Co.* v. *Becker,* 76 id. 34; *Railroad Co.* v. *Sykes,* 96 id. 173.

CASE, HOGAN & CASE, and F. A. MITCHELL, for appellee:

Upon the question of damages we cite *Railroad Co.* v. *Keller,* 67 Pa. St. 300; *Grotenkemper* v. *Harris,* 25 Ohio St. 510; *Lockwood* v. *Railroad Co.* 98 N. Y. 523; *Railroad Co.* v. *Baron,* 5 Wall. 105; *Railroad Co.* v. *McCloskey,* 23 Pa. St. 530; *Oldfield* v. *Railway Co.* 3 Smith, 103.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action by Frederick W. Brodie, administrator of the estate of Frank R. Brodie, to recover damages for the death of his intestate.   The declaration

charged that the deceased, Frank R. Brodie, while lawfully and carefully crossing appellant's tracks on Wells street, in the city of Chicago, was negligently killed by one of the defendant's cable trains, and further averred that the deceased left surviving him Frederick W. Brodie, his brother, who sustained pecuniary injuries by reason thereof. The jury found a verdict for the plaintiff in the amount of $2000, and judgment was entered thereon. On appeal to the Appellate Court this judgment was affirmed by a divided court.

On the trial in the circuit court the following instructions asked by the defendant were refused :

"The court instructs the jury to find the defendant not guilty.

"The court instructs the jury, that under all the evidence offered in this case the jury will not be warranted in assessing any more than nominal damages against the defendant."

The plaintiff's intestate, at the time of his death, October 15, 1891, was twenty-eight years of age, and the plaintiff was three years older. In 1882, as appears from the record, the intestate was engaged in the oyster business in Chicago. During that year plaintiff was in business in Janesville, Wisconsin, but not being able to succeed he turned the business over to the intestate, who also made a failure at that place. After this failure, in 1882, the evidence fails to disclose where the intestate was or what he did until 1889, when, as appears from the evidence, his wife procured a divorce in the circuit court of Cook county on the ground of habitual drunkenness and cruelty. In 1890 deceased resided with Mr. and Mrs. Henne, No. 387 Wells street, Chicago. While at this place he had no money and was unable to pay board. He remained there until May, 1891. From December, 1890, to May, 1891, he had no regular employment. A portion of the time he was sick with rheumatism, and a portion of the time he did some cleaning in a saloon in the building

where he boarded.    After leaving this place he was en-
gaged with one Tindell in selling oysters, but upon his
death he left no property except a few articles of cloth-
ing and $18 or $20 in money.    It was admitted on the trial
that the former wife of the intestate, who was unable to
appear in court on account of sickness, would, if present,
testify that intestate remained an habitual drunkard to
the time of his death.    The plaintiff testified that the
deceased, a short time before his death, sent him $10 or
$12, and on another occasion he let him have $45; but it
is plain from the evidence that plaintiff did not rely on
deceased for support or financial aid of any character.
On the other hand, the intestate seemed to be a charge
on him, as he assumed the board bill of the intestate due
Mrs. Henne, and agreed to pay it.

Under the facts as presented by the record the ques-
tion raised by the instruction which the court refused is,
whether plaintiff was entitled to recover more than nom-
inal damages.    The action was brought under the act of
February 12, 1853.    (Hurd's Stat. chap. 70, p. 781.)    The
second section of the act provides that the action shall
be brought in the name of the personal representatives
of the deceased person, and the amount recovered shall
be for the benefit of the widow and next of kin of the
deceased person, "and in every such action the jury may
give such damages as they shall deem a fair and just
compensation, with reference to the pecuniary injuries
resulting from such death to the wife and next of kin of
such deceased person, not exceeding the sum of $5000."

This statute has been before the court for considera-
tion in a number of cases, and it has been uniformly held
that damages can only be recovered for the pecuniary
loss; that damages for the bereavement, for pain and
suffering,—damages by way of *solatium*,—cannot, under
this statute, be recovered.    *City of Chicago* v. *Major*, 18
Ill. 349; *Chicago and Rock Island Railroad Co.* v. *Morris*, 26
id. 400; *Chicago and Alton Railroad Co.* v. *Shannon*, 43 id.

338; *Conant* v. *Griffin*, 48 id. 410; *Illinois Central Railroad Co.* v. *Baches*, 55 id. 379; *Chicago, Burlington and Quincy Railroad Co.* v. *Harwood*, 80 id. 88; *Holton* v. *Daly*, 106 id. 131. Thus, in the *Morris case* it is said (p. 402): "The statute makes their pecuniary loss the sole measure of damages. The satisfaction of that loss is, therefore, the sole purpose for which an action can be instituted." So in the *Conant case* it is said (p. 413): "This action is the creature of the statute, and must be governed entirely by its provisions, and as they only provide for compensation for the pecuniary loss, the evidence should be confined exclusively to that." In the *Harwood case*, where the court refused an instruction which directed the jury to consider only the pecuniary injury, it is said (p. 92): "The statute giving this right of action limits, expressly, the damages to the pecuniary injuries sustained. It was the right of the defendant to have the jury so instructed, and it was error to refuse the instruction."

Where a wife loses a husband upon whom she relies for support, or where a father loses a minor son who is earning wages, which belong to the father, or where a child loses a father, the pecuniary loss can easily be determined; but where, as in this case, the intestate leaves no person as next of kin but a brother, who is of lawful age and in no manner dependent on the intestate for support, it is difficult to perceive what pecuniary loss has been sustained. The plaintiff testified that on two occasions he received small sums of money from the intestate; but it is not pretended, from the evidence, that plaintiff in any manner relied on the intestate for support. On the other hand, it seems plain, from the evidence, that the intestate was incapable of supporting himself, being unable to pay for board and lodging. Under such circumstances we are unable to see what pecuniary loss the plaintiff sustained, and if no pecuniary loss was sustained he was only entitled to recover

nominal damages. In the *Shannon case*, in the discussion of this question, the court said (p. 346): "If, then, the next of kin are collateral kindred of the deceased, and have not been receiving from him pecuniary assistance, and are not in a situation to require it, it is immaterial how near the relationship may be, only nominal damages can be given, because there has been no pecuniary injury. If, on the other hand, the next of kin have been dependent on the deceased for support, in whole or in part, it is immaterial how remote the relationship may be, there has been a pecuniary loss, for which compensation must be given." The same rule is announced in *City of Chicago* v. *Scholten,* 75 Ill. 471. It is there said: "Where the next of kin are collateral kindred of the deceased, and have not received pecuniary aid from him, proof of such relationship would warrant a recovery of nominal damages only; but where the deceased is a minor, and leaves a father, entitled to his services, the law presumes there has been a pecuniary loss." In the *Holton case* it was said (p. 138): "It has been held, if the next of kin are collateral, it is a material question whether they were in the habit of claiming and receiving pecuniary assistance from the deceased. If they were not, they can recover but a nominal sum; but where the relation of husband and wife or parent and child exists, the law presumes pecuniary loss from the fact of death."

Under the rule established by the cases cited, the plaintiff, having sustained no pecuniary loss, was entitled to recover nominal damages only.

Reliance is, however, placed by counsel for appellee in *Ohio and Mississippi Railway Co.* v. *Wangelin,* 152 Ill. 138. What was said in the case cited may be regarded as proper under the facts of that case. There the next of kin was a sister of the deceased. She had no father, mother, sister or other brother living, and deceased was earning $50 per month, and had contributed to the sister's

156—21

support.    The facts of the case cited are so different from the case under consideration it can have no bearing here.

We think the court erred in refusing the instruction, and for that error the judgment of the circuit and Appellate Courts will be reversed and the cause will be remanded.

*Reversed and remanded.*