## Chicago & W. I. R. R. Co. v. Albert Ptacek, Admr.

1. Injuries—*Death from Negligent Act—Right of Recovery.*—The effect of our statute (R. S., chapter 70, entitled "Injuries,") is to give a recovery, in cases where the death of a person is caused by the wrongful act, neglect or default of another, for the benefit of the next of kin, to the extent of their pecuniary injuries resulting from such death, and it does not seem that the question of whether the next of kin are adults or minors is material to the mere right of recovery.

2. Same—*Recovery Confined to Pecuniary Loss.*—The question is one solely of pecuniary loss; damages for the bereavement, for pain, or by way of *solatium*, are not recoverable.

3. Damages—*$3,000 not Excessive.*—A widow, forty-six years old, was killed. She left surviving her, four children, three sons and a daughter, all of whom had attained their majority. Her husband had been dead two years, and the children, except the daughter, who was married, continued to live with her as they had done. She owned the home and did her own work. *Held*, that $3,000 was not excessive.

Trespass on the Case.—Death from negligent act. Appeal from Superior Court of Cook County; the Hon. Nathaniel C. Sears, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

E. A. Bancroft and W. O. Johnson, attorneys for appellant; Stielen & King, of counsel.

Jones & Lusk, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the Court.

This action was brought by appellee, as administrator of the estate of Rosalie Pruka, against the appellant for the death of his intestate, which occurred upon the tracks of the appellant in the city of Chicago at the intersection of 25th street, in the morning of December 25, 1892.

The jury returned a verdict in favor of appellee for $3,500, upon which a remittitur of $500 was entered, and judgment rendered for $3,000.

The single question concerning the amount of damages

recovered is the only one we need to discuss. The other questions of ordinary care, or the want of it, by the deceased, and the negligence, or otherwise, of the appellant, and concerning instructions, which have been discussed by counsel, may all be disposed of by saying that, so far as they are concerned, the judgment should stand.

The deceased, Rosalie Pruka, was a widow, forty-six years old, and left surviving her, four children, three sons and a daughter, all of whom had attained majority. At the date of the trial the eldest was twenty-nine and the youngest twenty-three years of age. Her husband had died two years before, and the children, except the daughter, who was married, continued to live with her in her home as members of her family, just as they had always done. She owned the house they occupied. She kept no servant, but did all the family work herself. The three brothers worked for an independent living, and each paid to her his proportionate cost of keeping up the table, the total cost being from ten to twelve dollars a week. Since her death the younger brother has married, and at the time of the trial, his wife was keeping house in the same way for her husband and the two elder brothers.

One of the brothers testified that what used, in the mother's lifetime, to cost ten or twelve dollars a week, now costs eight or nine dollars a week, but it is uncertain whether he meant that the eight or nine dollars was for the whole household, or only for himself and his unmarried brother. The inference is pretty strong that if it cost ten or twelve dollars a week to pay the cost of keeping the table for the three brothers and mother during her lifetime, the witness meant that it now costs eight or nine dollars a week for himself and his one unmarried brother, the family being exactly the same in number, and such being substantially the same proportion.

We do not, therefore, place much reliance, as appellant's counsel would have us do, upon the assumed fact that the cost of living to the next of kin of the deceased is less now than when she was living. It would take more than un-

certain evidence to satisfy us that the loss by death, of the frugal mother, who had brought up this family of three sons and a daughter to industrious and well-ordered man and womanhood, who furnished them a home to live in, and who performed all the housekeeping work for them, was a positive pecuniary gain to her family.

The effect of our statute, under the provisions of which this action was brought, is to give a recovery in such cases for the benefit of the next of kin, to the extent of their " pecuniary injuries resulting from such death," and it does not seem that the question of whether the next of kin shall be minors or adults, is material to the mere right of recovery.

The question is one solely of pecuniary loss; "damages for the bereavement, for pain and suffering—damages by way of *solatium*"—not being recoverable. North Chicago St. R. R. Co. v. Brodie, 156 Ill. 317.

And in case of the death of a parent leaving no husband and no minor children, none of the presumptions of law in favor of pecuniary loss to the next of kin, which we mentioned in Armour v. Czischki, 59 Ill. App. 17, and which the Supreme Court, in the Brodie case last cited, better stated as existing in certain cases, arise.

The actual pecuniary loss therefore being, in this case, the sole question, and the satisfaction of that loss being the sole object of the suit, and no presumption of law existing in aid of either, we are much troubled as to the extent of what that loss was, as shown by the evidence.

We agree that the instruction to find a verdict for nominal damages only, was properly refused; and we also agree that the amount of damages awarded seems large, but a majority of the court are of opinion that they are not warranted in saying that the jury did not act within the limits of the discretion which the statute gives to that body.

The judgment is therefore affirmed.