## John McKechney et al. v. Mary Redmond, Adm'x, etc.

1. PARENT AND CHILD—*Pecuniary Loss Presumed from Death.*—
Where the relation of parent and child exists the law presumes a pecuniary loss from the fact of death of the child.

Trespass on the Case.—Death from negligent act.   Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1900. Affirmed.   Opinion filed April 16, 1901.

CONDEE & PERCE, attorneys for appellants.

KICKHAM SCANLAN, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellee brought suit to recover damages for the death of her son, William Redmond, alleged to have been caused by the negligence of appellants.   The case was submitted to the court, a jury being waived.   There was a finding and judgment in favor of appellee from which this appeal is taken.   There appears to be no dispute as to the liability of appellants, and the only objections argued are to the finding that deceased contributed to the support of appellee as next of kin, and the refusal of the trial court to hold certain propositions as the law of the case.

There is testimony to the effect that for the five months next preceding his death, during which time he was working for appellants, the wages of the deceased had been almost entirely absorbed in payment of board and bar bills. It is argued therefore that it must be assumed that plaintiff, as next of kin, would have received nothing more in the future from her deceased son than she had received from him while he was in appellants' employ in the tunnel where he was killed; and that she is not therefore entitled to recover, because the next of kin can only recover for the death of the deceased the actual damages sustained, the sole measure of which is the pecuniary loss.   Street R. R. Co. v. Brodie, 156 Ill. 317.   There is, however, evidence tending

to show that the deceased had for years before contributed a large part of his earnings for his mother's benefit and support, and there is no ground in law or fact for assuming that he would not have continued so to do, as declining years should make his mother more dependent upon him. Upon the question of fact the finding in favor of appellee is justified by the evidence. Where the relation of husband and wife or parent and child exists, the law presumes pecuniary loss from the fact of death. Street R. R. Co. v. Brodie, *supra,* p. 321, and cases there cited.

We find no error in the refusal of the trial court to hold as the law of the case the propositions, rejection of which is complained of. These propositions ignore for the most part the principle above referred to, that the law presumes pecuniary loss where, as in this case, the relation of parent and child existed. It may be that one of them is not open to serious objection, but its acceptance could not have changed the finding and judgment, which are fully as favorable to appellants as they are entitled.

The judgment of the Superior Court is affirmed.