### PEDEN v. AMERICAN BRIDGE CO.

(Circuit Court, N. D. Illinois, N. D. January 31, 1903.)

No. 26,295.

**1. DEATH—DECLARATION—ALLEGATION OF DAMAGES.**

Where, in an action for death by decedent's administrator, the declaration alleged that decedent left, him surviving, his widow and four children, and contained the usual allegation of damages to plaintiff as administrator, it was not objectionable for failure to allege damages sustained by the next of kin; damages to the wife and children being presumed.

**2. SAME—DEFECTS AVAILABLE AFTER VERDICT.**

Under Rev. St. Ill. c. 7, § 6, par. 9, providing that judgment shall not be arrested after verdict by reason of want of any allegation or aver-

¶ 1. See Death, vol. 15, Cent. Dig. § 69.

ment on account of which omission a special demurrer could have been sustained, where no demurrer was interposed to a declaration for wrongful death, and the jury found that decedent's next of kin had sustained substantial damages by reason of defendant's negligence, a judgment on the verdict could not be arrested on the ground that the declaration did not allege damage to the next of kin.

Kruse & Peden, for plaintiff.
Alexander Clark, for defendant.

KOHLSAAT, District Judge. Plaintiff recovered a verdict in the above case. A motion for new trial was overruled, and now defendant moves in arrest of judgment on the ground that the declaration does not allege damage to have been sustained by the next of kin. It appears from the declaration and the evidence that plaintiff's decedent left, him surviving, his widow and four children. The declaration contained the usual allegation of damages to plaintiff as administrator, but does not specifically set out that damages were sustained by the next of kin. Defendant relies upon a dictum of the supreme court of Illinois in the case of Railroad Co. v. Morris, 26 Ill. 400. In that case the existence of next of kin was not alleged, and the dictum relied on was not essential to a disposition of the case. It is well settled that, where the relation of husband and wife or parent and child exists, the law presumes pecuniary loss from the fact of death. McKechney v. Redmond, 94 Ill. App. 470; Railroad Co. v. Brodie, 156 Ill. 317, 40 N. E. 942; Railroad Co. v. Scanlan, 68 Ill. App. 630; Haug v. Railway Co. (N. D.) 77 N. W. 97, 42 L. R. A. 664, 73 Am. St. Rep. 727; Korrady v. Railway Co., 131 Ind. 261, 29 N. E. 1069.

Paragraph 9 of section 6 of chapter 7 of the Revised Statutes of Illinois provides that:

"Judgment shall not be arrested or staid after verdict, nor shall any judgment upon verdict be reversed or in any way affected by reason of the following imperfections, omissions or defects in the process, pleadings or records, i. e., [paragraph 9] for the want of any allegation or averment on account of which omission a special demurrer could have been maintained."

No demurrer was here interposed. There can be no doubt but that the defect, if it be such, could have been reached by a special demurrer. The jury found that the decedent's next of kin had sustained substantial damages by reason of defendant's negligence. The allegations of the declaration are sufficient to sustain the verdict. The motion is denied.