SMITH, Respondent, v. THE PRESENTATION ACADEMY OF ABERDEEN, Appellant.

(248 N. W. 762.)

(File No. 7293. Opinion filed June 13, 1933.)

*Williamson, Smith & Williamson,* of Aberdeen, for Appellant.
*Roger Campbell,* of Aberdeen, for Respondent.

POLLEY, J. Plaintiff is the widow of Robert M. Smith and administratrix of his estate. During the year 1929, decedent was afflicted with a disease known as myelitis which rendered him entirely helpless. Defendant was operating a hospital in Aberdeen and decedent was taken to said hospital for care and treatment for said disease. The course of treatment given him was what was

known as diathermy. This treatment consists of attaching metal plates to opposite sides of the patient's body and then transmitting a current of electricity from one of said plates through the patient's body to the opposite plate. The application of the diathermy apparatus requires much care and skill, and constant attention on the part of the operator, and unless such care and skill are exercised serious consequences may result to the patient. On the 13th day of January, 1930, decedent was taken into the laboratory. The diathermy apparatus was attached to his body and the electrical current turned on. Then, for some reason wholly unknown and unexplained, the attendant who was operating the machine left the room, leaving the patient alone with the electric current passing through his body. Some time thereafter various persons in the building were attracted by the screams of the patient and on arriving at the laboratory found the patient's clothing and the bed clothes on fire and the patient himself so badly burned that he died from the effects thereof in a few days. Plaintiff, claiming that decedent's death was caused by the negligence of the attendant who was giving the diathermy treatment, and that defendant is liable for the negligent acts of its servants, brought this action to recover the damage resulting to her because of the death of her husband. Verdict and judgment were for plaintiff, and defendant appeals.

For its defense defendant claims that it is a charitable and benevolent association, operating a hospital in the city of Aberdeen, and, as such, it is not liable for damages resulting from the negligence of its servants and employees. And for a second defense defendant alleges that at the time plaintiff's husband was brought to said hospital, and at the time of the injury from the effects of which death resulted, said decedent was afflicted with a fatal malady which affected his spine and rendered him a helpless paralytic; that he could not recover from such disease; that he could not live more than a year and a half to two years; that so long as he might have lived he would have been wholly helpless and an object of constant care and expense to plaintiff, for all of which reasons plaintiff suffered no compensable loss. If this defense is tenable, then plaintiff cannot recover in any event, and it is not material or necessary to determine whether defendant is a charitable or benevolent institution, or whether such institutions are

liable for damages resulting from negligence of their servants or employees.

 The right of recovery of damages for death resulting from wrongful act is statutory and is provided for by section 2931, Rev. Code 1919. This statute limits the right of recovery "to the pecuniary injury resulting from such death to the persons respectively for whose benefit such action shall be brought." And the measure of damage is the reasonable expectation of pecuniary advantage to those entitled to recover. This statute does not authorize recovery for loss of society or grief and anguish caused by the death, nor for the pain and suffering of the decedent prior to death. In arriving at the value of the life of the decedent to his beneficiaries, the jury may consider the age, health, habits of life, business ability, and ability of decedent to earn money. 8 R. C. L. 826-829; Stratton v. Sioux Falls Traction System, 49 S. D. 113, 206 N. W. 466; Jacksonville E. Co. v. Bowden, 54 Fla. 461, 45 So. 755, 15 L. R. A. (N. S.) 451; North Chicago St. R. Co. v. Brodie, 156 Ill. 317, 40 N. E. 942. In this case it was not shown that decedent had any ability to earn or to carry on any business, or that plaintiff expected to derive any pecuniary benefit from him. On the other hand, the evidence showed that the decedent was utterly helpless and without any hope that he would ever be able to work again or be of any pecuniary benefit to plaintiff. The testimony of the attending physician who testified as a witness for plaintiff was to the effect, that regardless of burns from the effect of which decedent died, he could not have lived more than a year and a half or two years. There is some evidence in the record tending to show that decedent had made some improvement in the use of his arms and upper part of his body, but there was not the slightest probability, if indeed there was a possibility, that he would ever be more than a helpless burden to the plaintiff. Under these circumstances it cannot be said that plaintiff suffered any pecuniary loss in the death of the decedent. Under these circumstances there was not sufficient evidence to take the case to the jury and defendant's motion for a directed verdict should have been granted.

The judgment and order for a new trial are reversed, and the case will be dismissed.

All the Judges concur.