## HOWARD *v.* DELAWARE & H. CANAL CO.

*(Circuit Court, D. Vermont. October 26, 1889.)*

1. **MASTER AND SERVANT—NEGLIGENCE—PROXIMATE CAUSE.**
   Plaintiff's intestate was a trackman running a hand-car, under direction of the section boss, towards an approaching train, to which the boss had sent a signal-flag by one of the trackmen, to warn those in charge of the train of the approach of the hand-car. The persons in charge of the train failed to keep a lookout, and ran into the hand-car before those in charge could get out of the way, and intestate was killed. *Held*, that the negligence of those in charge of the train caused the injury.

2. **SAME—FELLOW-SERVANT.**
   Trackmen are not fellow-servants of those in charge of trains.

3. **DEATH BY WRONGFUL ACT—DAMAGES.**
   Rev. Laws Vt. §§ 2138, 2139, provide that the person or corporation negligently causing the death of another shall be liable to an action in the name of the personal representative for the benefit of the wife and next of kin, and such damages may be given as are just with reference to the pecuniary injury resulting from such death to them. *Held* that, in an action for the benefit of the collateral kindred, the measure of damages is what the deceased would probably have accumulated afterwards if he had lived; and, where the deceased has accumulated nothing for any one up to the time of his death in middle life, only nominal damages will be awarded.

4. **SAME—PLEADING.**
   A declaration which sets forth adequately the right of the personal representative to recover is sufficient without alleging specifically the rights of the respective distributees.

At Law. Action for damages for wrongfully killing plaintiff's intestate.

*David E. Nicholson* and *Joel C. Baker*, for plaintiff.

*John Prout* and *Henry Ballard*, for defendant.

WHEELER, J. Clary, the plaintiff's intestate, was about thirty-seven years old; had three brothers and two sisters, no wife, children, or parents; and had accumulated no property. He was employed as a trackman by a section boss of the defendant's road; and, with four others, under direction of the boss, was running a hand-car over a part of their section towards a train coming from the other way, to which the boss had sent their signal-flag by one of the trackmen, to warn those in charge of the train of the approach of the hand-car. Neither the engineer nor any one in charge of or on the train was keeping any lookout

ahead as it approached the hand-car, and no one on the train saw it till within two or three rods of it. The trackmen supposed the train would slow up as it approached them, in obedience to the warning, and came so near it before stopping to take the hand-car from the track that the boss saw it would be struck by the train before they could get it off, and told the men to run it the other way. They tried to do so, but could not move it fast enough to get away from the train, and he directed them to abandon it. In jumping from it, Clary was thrown under it, the engine struck it, and he was instantly killed.

The statutes of the state provide that when the death of a person is caused by such wrongful act, neglect, or default as would, if death had not ensued, have entitled the party injured to maintain an action therefor, the person or corporation that would have been liable if death had not ensued shall be liable to an action in the name of the personal representative for the benefit of the wife and next of kin, and that such damages may be given as are just, with reference to the pecuniary injury resulting from such death to them. R. L. Vt. §§ 2138, 2139. This action is brought upon this statute, for the benefit of the brothers and sisters, as next of kin, and has been tried by the court upon waiver in writing of a trial by jury.

The defendant claims that Clary was negligent in remaining so long upon the car, and in jumping from it, and thereby contributed to the injury; that the collision was caused by the negligence of the flagman, a fellow-servant with Clary, in giving wrong information to the trainmen about where the hand-car would be met; and that, if it was caused by negligence of the trainmen, all were so fellow-workmen with Clary that the defendant is not liable to his representative for it.

Clary could see the train coming, and could have got out of its way; but, with the others, he relied upon due respect of the trainmen to the flag, and to the directions of the boss, for safety; and, in view of what he had a right to rely upon in those respects, he does not appear to have been negligent of duty to himself or others in staying at his place on the car as he did. He was moving backwards with the car, working it, with the others, to his utmost strength, when directed to abandon it; and appears to have been thrown before it by a misstep, caused by haste in turning and jumping, made necessary by the nearness of the train, and ledges of rock which prevented jumping off from the side of the car on which he was. Natural instinct would impel him to do what he could to save himself, and nothing shows that he did not obey it.

The testimony is conflicting as to what the man who carried the flag told those in charge of the train about where the trackmen and hand-car would be. Whatever that was, the flag of the sectionmen itself was a warning that they were on the track somewhere near, and were to be approached with caution; and it would be in force from the time when the flag was observed until they should be passed. To run the train towards them, after that warning, without keeping any lookout ahead for them, was a neglect of duty required for their safety as well as for that of the train. This negligence appears to have caused the collision, and the in-

jury to Clary, without any contributing neglect of duty on his part. If the flagman contributed to the happening of the collision by giving wrong information, it would not have happened but for the negligence of those in charge of the train; and whoever is chargeable for that is liable for its consequences to Clary. *Railroad Co.* v. *Barron,* 5 Wall. 90.

The question of law whether the defendant is liable to its trackmen for injuries done to them by negligence of those in charge of its trains is presented by these facts. If this question was to be determined by the decisions of the court of last resort of the state, that in *Davis* v. *Railroad Co.* appears to be the latest and most apt. 55 Vt. 84. It appears to hold, in effect, that a railroad company in the state is liable to its trainmen for the negligence of those it has placed in charge of its tracks. It overrules, in view of intervening decisions of other courts, *Hard* v. *Railroad Co.,* 32 Vt. 473, which classed all persons employed in maintaining the track and machinery of railroads and operating their trains as fellow-servants, for injuries to whom by negligence of each other the companies were not liable. If the company is responsible to trainmen for the negligence of those in charge of the track, that it should be held responsible to trackmen for the negligence of those in charge of its trains would seem to directly follow. But the courts of the United States are not bound by the decisions of the courts of the states upon questions of general law like this, although they are entitled to and receive the highest respect. *Boyce* v. *Tabb,* 18 Wall. 546; *Chicago* v. *Robbins,* 2 Black, 418. This court is, however, in duty bound to follow the decisions of the supreme court of the United States upon all such questions. That court has held that a railroad company is liable to its trainmen of one train for the negligence of those whom it has placed in charge of another train, and of the same train. *Railway Co.* v. *Ross,* 112 U. S. 377, 5 Sup. Ct. Rep. 184. This decision appears to have been made by a bare majority of the court, but it stands unreversed and unshaken, and is equally binding here with those that are unanimous. Trackmen are no more co-laborers with trainmen than the trainmen of one train are with those of another train on the same road, and not so much so as trainmen of the same train are. Those in charge of this train were placed there, and clothed with that authority, by the defendant. They acted for the defendant in the exercise of the control given them over the movements of the train; and their negligence in that behalf appears, according to this decision of the supreme court of the United States, to be the negligence of the defendant. The principles of this decision lead to the same conclusion as those of the latest decision on this subject of the highest court of the state, as cited. In *Randall* v. *Railroad Co.,* 109 U. S. 478, 3 Sup. Ct. Rep. 322, a brakeman of one train appears to have been held to be so the fellow-servant of the engineer of another train of the same company as not to be entitled to recover of the company for injuries occasioned by his negligence. That engineer does not appear to have been clothed with any of the authority of the company about the moving of the engine or train; and in that respect it differs from the later case. In the case under

consideration the flag was brought to the notice of the conductor, who had control of the train as to where it should undertake to pass the hand-car. In this respect it is like the later case, rather than the former. Upon all of these cases Clary would appear to have been entitled to recover damages of the defendant if he had not been killed, and by force of the statute the plaintiff appears to be entitled to recover now. As the plaintiff is entitled to recover, he is entitled to nominal damages at least; and to such further sum as is proved within the meaning of the statute.

No case has been cited or observed from the courts of the state in which the right of recovery, or measure of damages, in actions upon this statute for the benefit of collateral kindred has been considered. In *Railroad Co.* v. *Barron*, 5 Wall. 96, the action was upon a statute of Illinois, almost like this in words, and precisely in meaning, as to giving a right of recovery to the wife and next of kin, and authorizing such damages as are just with reference to the pecuniary injury resulting from such death to them, and was for the benefit of brothers and sisters. The defendant there, as here, asked the circuit court to hold that no recovery could be had for the benefit of any but those who had a legal right to support from the deceased. The court ruled that the action was given for the benefit of those named in the statute, whether they had such right to support or not; and instructed the jury that they could not take into consideration the wounded feelings of the surviving relatives, but might the amount of property of the deceased, the character of his business, and the prospective increase in wealth likely to accrue to a man of his age, with the business and means which he had. These rulings were approved, and Mr. Justice NELSON, in the opinion of the supreme court, said:

"If the deceased had lived they may not have been benefited, and, if not, then no pecuniary injury could have resulted to them from his death. If the person injured had survived and recovered, he would have added so much to his personal estate, which the law on his death, if intestate, would have passed to his wife and next of kin. In case of his death by the injury, the equivalent is given by a suit in the name of his representative."

This shows that the pecuniary injury resulting from the death is the loss of what the deceased would probably have accumulated afterwards if he had lived. In this case the deceased had accumulated nothing for any one up to the time of his death in middle life. He was no more likely to accumulate property from then forward than before. The deprivation of his society, affection, or counsel is not to be considered. The actual probable pecuniary loss is all that the statute covers and can be allowed for. Upon the evidence, considering all the probabilities of his future, no just ground for finding that he would ever have accumulated any property for his brothers and sisters is apparent.

Question is made as to the sufficiency of the allegations of the declaration for supporting a recovery for the benefit of the brothers and sisters. If the action was given directly to those suffering the injury, the declaration would need to set forth the facts constituting the right of re-

covery of those who should bring suit. But the action is given to the personal representative; and the right is the same for whosever benefit the suit may be brought. The recovery is to go to the widow and next of kin, as the personal estate would, exclusive of creditors and legatees. *Railroad Co.* v. *Barron*, 5 Wall. 96. The questions as to who are beneficiaries are left until distribution. A declaration, which sets forth adequately the right of the personal representative to recover, would seem to be sufficient, without alleging specifically the rights of the respective distributees. Let judgment be entered for the plaintiff for one dollar damages.