# CASES

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—NOVEMBER TERM, 1900.

### Village of Assumption v. Hugh J. Campbell, Adm., etc.

1. PLEADINGS—*Defective Declaration in Suits Under R. S., Chap. 70, Entitled " Injuries."*—A declaration in a suit by an administrator of a person whose death was caused by the negligence of another which fails to allege that the deceased left any widow or next of kin surviving, is substantially defective and will not sustain a verdict in favor of the plaintiff.

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of Christian County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded. Opinion filed June 10, 1901.

JAMES B. RICKS and SHARROCK & GRUNDY, attorneys for appellant.

HOGAN & DRENNAN and C. C. LEFORGEE, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

On February 15, 1900, the appellee, as administrator of the estate of Agnes Campbell, deceased, filed in the Circuit Court of Christian County his declaration in an action on the case against the appellant, the Village of Assumption, a municipal corporation of that county incorporated under the general laws of Illinois.

(521)

The declaration is as follows :

Hugh James Campbell, the administrator of the estate of Agnes Campbell, deceased, by C. C. LeForgee and Hogan & Drennan, his attorneys, complains of the Village of Assumption, a municipal corporation organized and existing under and by virtue of the laws of the State of Illinois, of a plea of trespass on the case. For that whereas, the defendant corporation was before and on the first day of November, A. D. 1899, the possessor and had control of a certain public sidewalk on a certain public street called ———— street in said village in said county aforesaid, and ought to have kept the same in good and safe repair and condition, yet the said defendant, not regarding its duty in that behalf, while it was so possessed and had control of the said sidewalk, to wit, on the day aforesaid, there wrongfully and negligently suffered the same to be and remain in bad and unsafe repair and condition, and divers of the planks wherewith the said sidewalk was laid to be and remain broken and unfastened, by means whereof the plaintiff, the said Agnes Campbell, now deceased, who was then and there passing along and upon said walk, then and there necessarily and unavoidably tripped and stumbled upon and against one of the said broken and unfastened planks of the said sidewalk, and was thereby thrown to and fell upon the sidewalk and the ground there, and thereby the said Agnes Campbell became so greatly bruised, crushed and mangled that because and,in consequence thereof, she, the said Agnes Campbell did, on the fifth day of November, 1899, die.

To the damage of the plaintiff of five thousand dollars; therefore he brings suit."

To the declaration, appellant, on the 16th of March, 1900, interposed a general demurrer, and without the court having disposed of it, afterward, on April 10, 1900, appellee obtained leave of the court to amend the declaration by 9 o'clock a. m., April 11, 1900; and within the time allowed appellee amended the declaration by adding thereto, after the words in the original declaration, " said Agnes Campbell, now deceased, who was then and there passing along and upon said walk," the following words : " With due care and caution for her own safety." After which, on April 14, 1900, appellant filed a plea of not guilty, and issue

being joined thereon, a trial was had by jury, which resulted in favor of appellee for $1,500 damages.

Appellant made a motion for a new trial which the court overruled, and it preserved an exception, and then moved in arrest of judgment, which the court likewise overruled, and it again excepted. The court then gave judgment upon the verdict, to reverse which appellant prosecutes this appeal.

Among other errors assigned as a ground of reversing the judgment, appellant, by its counsel, urges principally, that the Circuit Court improperly overruled its motion in arrest of judgment because, in the absence of any averment in the original or amended declaration that appellant's intestate, Agnes Campbell, left any "widow" or next of kin, surviving her in whose behalf alone appellee can maintain the action on the averments contained in the declaration, it is so defective that it will not sustain the verdict or judgment.

Our statute, chapter 70, entitled "Injuries," Hurd's Ill. Statutes (1899), p. 964, provides:

"Sec. 1. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Sec. 2. Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person * * * and in every such action the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person, not exceeding the sum of $5,000."

This statute has been in force since February 12, 1853,

and came before our Supreme Court for construction in Chicago v. Major, 18 Ill. 349, and it was there held that the first section gives the action to the administrator or executor of the deceased person whose death is caused by the wrongful act, default or neglect of another, and the second section limits the recovery to the loss sustained by the widow, husband or next of kin of the deceased. In Chicago & Rock Island R. R. Co. v. Morris et al., Adm'r, etc., 26 Ill. 400, the action was brought by the administrator of a deceased person to recover damages for the death of his intestate alleged in the declaration to have been caused by the wrongful act, neglect and default of the railroad company, and the declaration failed to allege that the deceased left a widow or next of kin, and the trial court, after a verdict of $2,000 in favor of the administrator, gave him a judgment, from which the railroad company appealed to the Supreme Court, and there it was reversed upon the sole ground of the insufficiency of the declaration, the court saying :

" The next objection is, that it is nowhere alleged in the declaration that the deceased left a widow or next of kin."

And after referring to our statute above quoted, and adhering to the construction given it in the Major case, *supra*, the court further remarked :

" Before a party suing for these damages can be allowed to recover, it must be alleged in the declaration and proved that the deceased left a widow or next of kin, to whom the damages could be distributed. The statute evidently intends to give no damages for the injury received by the deceased, but refers wholly to the pecuniary loss which his wife and next of kin may be proved to have sustained, and the damages are not assessed to be applied to the general necessities of the estate but belong exclusively to the widow and next of kin, to whom they are to be distributed. The statute makes their pecuniary loss the sole measure of damages. The satisfaction of that loss is therefore the sole purpose for which an action can be sustained, there being nothing to be allowed for the bereavement, for *solatium.* This being so, the fact that they are persons entitled by law to claim this indemnity, and that they have sustained a loss justifying their claim, must be proved on the trial, and therefore must be averred in the declaration, as much so as

the death of the party and the wrongful act of the defendant."

And the court, further on in the opinion, in speaking of the declaration not averring that the deceased left a widow or next of kin, says :

" It (the declaration) is then substantially defective, and advantage can be taken of it in this (Supreme) Court."

In L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546, at p. 556 of the opinion, the court says :

" The eighteenth instruction asked stated that there was no averment in either of the first six counts of plaintiff's declaration, that the deceased, James Hessions, left a widow and next of kin, and that there could, therefore, be no recovery under either of said counts. The right of action is here given by the statute for the exclusive benefit of the widow and next of kin. It is the settled law that the fact of survivorship of a widow or next of kin is an essential element of the cause of action, and it is therefore indispensable that it should be alleged and proved."

The Circuit Court, under the rule established in this State, as shown by the above authorities, should have granted appellant's motion in arrest of judgment, and committed reversible error by refusing to do so, because the declaration, in the absence of an averment that plaintiff's intestate left a husband or next of kin surviving her in whose behalf he sued, was so defective in substance, that it would not support a judgment upon the verdict rendered in his favor.

For the want of a sufficient declaration, the judgment will be reversed and the cause remanded, with leave to amend the declaration, and for such further proceedings in the case as to law and justice appertain. Reversed and remanded.