JOSEPH E. SMELSER, Administrator, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Division Two, November 24, 1914.

1. **CONTRIBUTORY NEGLIGENCE: Assuming Place of Obvious Danger: Brakeman.** On defendant's line of railroad was an elevated platform, on which was a track, alongside of certain coal chutes, and next to them was a board wall six feet high. The distance from the track to this wall was thirty-seven inches, and the distance between the outer side of a car on this track and the wall was seven inches. There was no proof that the space between the track and the wall was ever used or intended to be used by brakemen to step into after coupling cars on the track. Deceased, an experienced brakeman, for three years in the employ of defendant, for three months a brakeman on the train, familiar with the platform and coal chutes and having frequently coupled cars on this track, was directed to assist the engineer, about nine o'clock at night, of July 5th, in taking two empty cars from the platform, and it was his duty to attend to coupling them to the other cars of the train. The cars were provided with automatic couplers, and when the engine backed up to the first car it coupled without difficulty; but the coupler failed to work on the second car,

and the brakeman went over or through the cars and got down between them to open the coupler. Having done that, instead of climbing into the car and signaling the engineer from there to move the engine, he stepped out, between the track and the wall of the chute, and signaled the engineer with his lantern, and the engineer, responding thereto, moved the cars, with the result that the brakeman was caught in the narrow space between the side of the car and wall, his body crushed, and the injuries caused his immediate death. *Held*, that the danger was obvious and apparent, and deceased knowingly put himself in a place of peril, and under the circumstances he was guilty of such contributory negligence as bars a recovery by his administrator.

2. **NEGLIGENCE: Pleading: Next of Kin: Allegation of Damage.** *Held*, by WALKER, J., that, in a suit by an administrator based on Sec. 5426, R. S. 1909, an allegation that "deceased was an unmarried man and left surviving him a father, mother, brothers and sister as his next of kin," is sufficient as to the existence of beneficiaries; but a petition which fails to contain any allegation of loss sustained by them by reason of his death, does not state a cause of action for substantial damages under the statute, and not even for nominal damages unless the proof shows his death was due to defendant's negligence.

Appeal from Howard Circuit Court.—*Hon. Alex. H. Waller,* Judge.

REVERSED.

*J. W. Jamison* for appellant.

(1) Plaintiff's action was bottomed on Sec. 5426, R. S. 1909, known as the compensatory section of the Damage Act, and not on section 5425 of said act, as the latter section has application only in those cases where death is occasioned "by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employee, whilst running, conducting or managing any locomotive, car or train of cars." The right of action given under Sec. 2864 (now Sec. 5425) is not that given under Sec. 2865 and 2866 (now Secs. 5426 and 5427) and that given under the two last named

sections is not that given under the former.  These are purely statutory rights of action, and each must rest on its own statute.  Casey v. Transit Co., 205 Mo. 724; Peters v. Railroad, 150 Mo. App. 728.  When a laborer employed by a railroad company is killed in consequence of the use of defective apparatus, a cause of action accrues under section 5426 and not under section 5425 of the Damage Act.  Holmes v. Railroad, 69 Mo. 536; Higgins v. Railroad, 197 Mo. 312; Rapp v. Railroad, 106 Mo. 423.  (2) The petition being under the compensatory, and not the penal, section of the Damage Act, under the allegations of the petition and the evidence, the court committed error, both in overruling defendant's demurrer to plaintiff's petition and in overruling defendant's instruction in the nature of a demurrer to the evidence.  Johnson v. Mining & Development Co., 171 Mo. App. 134; Boyd v. Railroad, 155 S. W. 13; Railroad v. McGinnis, 228 U. S. 173; Railroad v. Daugherty's Admr., 155 S. W. 1119; Rich v. Railroad, 148 S. W. 1011.  (3) Under the authorities supra, plaintiff's instruction on the measure of damages, authorizing the jury to assess plaintiff's damages "at such sum as they deem fair and just with reference to the necessary injury resulting from the death of the deceased, James Edward Riley, not exceeding the sum of $10,000," was erroneous.  (4) The evidence clearly shows that the deceased was guilty of contributory negligence as a matter of law.  Huss v. Bakery Co., 210 Mo. 44.  Upon the admitted facts "reasonable men can entertain but one view of the conduct of the deceased, and that adverse to him, and the question, therefore, resolves itself into one of law." Mockowik v. Railroad, 196 Mo. 550; Buckner v. Horse & Mule Co., 221 Mo. 700.  The narrowness of the platform was not the proximate cause of his death, but his negligence in placing himself in a perilous position, and his negligent signaling for the engine.  Fulwider v. Gas Light & Power Co., 216 Mo. 582; Devitt

v. Railroad, 50 Mo. 302; Stoeckman v. Railroad, 15 Mo. App. 503; Woodson v. Railroad, 224 Mo. 685; Wheeler v. Wall, 157 Mo. App. 38; Sands v. Brewing Co., 131 Mo. App. 413. Where a person fails to employ his faculties to become aware of confronting dangers, or, knowing thereof, to use reasonable care to avoid it, the law calls his conduct careless because out of harmony with ordinary prudence and loads it with entire responsibility of the consequences, notwithstanding the negligence of another may have aided in producing them. Diamond v. Kansas City, 120 Mo. App. 185; Purcell v. Shoe Co., 187 Mo. 276; Hulett v. Railroad, 67 Mo. 238. (5) Deceased chose the obviously dangerous position on the platform beside the coal chute, and remained there when he had every opportunity to get in or upon the car in a safe place, before signaling for the engine to back and push the car forward. There can be no recovery by his administrator in this action. Hulett v. Railroad, 67 Mo. 239; Smith v. Box Co., 193 Mo. 715; Moore v. Railroad, 146 Mo. 572; Brewer v. Railroad, 56 Mich. 620.

*Samuel C. Major* and *Frank W. McAllister* for respondent.

(1) It may be conceded that this action is based on Sec. 5426, R. S. 1909. (2) Appellant contends that plaintiff's petition fails to state a cause of action, because it does not allege what deceased was earning or that he "contributed in any sum toward the support of his father, mother, brothers and sister, who were his next of kin;" and that, as there was no evidence of these facts, defendant's instruction, in the nature of a demurrer, at the close of plaintiff's evidence should have been given. This contention is based, and appellant relies for support of it solely, upon the majority opinion of the Springfield Court of Appeals in the case of Johnson v. Dixie Mining and Development

Company, 171 Mo. App. 134. That case was decided
by a divided court, ROBERTSON, J., dissenting from the
majority opinion of FARRINGTON, P. J., and the con-
curring opinion of STURGIS, J., and the former being
of the opinion that the majority opinion was in conflict
with recent decisions of this court, requested that the
case be certified to this court, where it is now pending.
The majority opinion and the concurring opinion there-
in entirely ignores the earlier case of Morgan v. Orono-
go Circle Mining Company, 160 Mo. App. 99, decided
by that court. The opinion in the Johnson case is di-
rectly in conflict with the holding in the Morgan case,
but the latter case is not referred to in the opinion
in the former case. The majority opinion and the con-
curring opinion in the Johnson case hold, in effect,
that in suits brought under Sec. 5427, R. S. 1909, by the
administrator of a deceased adult who left no wife,
minor child or minor children, the administrator sues
as the trustee of an express trust for the benefit of
those who are entitled to the amount recovered under
the laws of descent, as provided in section 5425, and
that it is necessary for him to allege and prove the
names of such persons and facts showing the pecuniary
loss they have sustained, that is, that they were de-
pendent upon, had some financial interest in, or re-
ceived some financial benefit from the deceased. The
conclusions reached rest primarily upon the assump-
tion that the provision of section 5425, directing that
in a suit by an administrator the amount recovered
shall be distributed according to the laws of descent,
applies to a suit and recovery by an administrator un-
der section 5427. We do not believe that the language
of section 5427 justifies such construction. Section
5426 fixes the liability of the offending party, and does
no more. It is left entirely to section 5427 to designate
the parties who shall be entitled to sue and recover on
the liability fixed by section 5426, and it does this by
providing that "the damages accruing under the last

preceding section shall be sued for and recovered by the same parties and in the same manner as provided in section 5425.'' Under section 5425, the parties who are entitled to sue and recover are: first, the husband or wife; second, the minor child or minor children; third, if the deceased be a minor, the father and mother; and fourth, ''if there be no husband, wife, minor child or minor children, natural-born or adopted as hereinbefore indicated, or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased.'' Section 5427 refers to the above section for two purposes only: first, to designate the parties who may sue for and recover the damages; and, second, that the damages shall be sued for and recovered in the manner provided in that section. It does not expressly or by implication refer to the provision of section 5425 that the amount recovered shall be distributed according to the laws of descent, and it is a far-fetched judicial construction that can make it appear to apply the damages recovered under section 5426. If the provision of section 5425, that ''the amount recovered shall be distributed according to the laws of descent,'' does not apply to suits under section 5427, then the theory and contention that plaintiff sues as trustee of an express trust for the benefit of those who would take the amount recovered according to the laws of descent must, of course, necessarily fail, and it must be held that the administrator sues in his capacity as administrator for the benefit of the estate of deceased. Although it should be concluded that the provision of section 5425 applies to suits under section 5427, yet, appellant's contention must fail. There is no sort of basis in the language of the statute for the contention that an administrator or executor can sue only when deceased left next of kin dependent upon him for support, or that dependency of next of kin in any wise affects his right

to sue and recover. The language is "in such case, suit may be instituted and recovery had by the administrator or executor of the deceased." In construing a new statute of doubtful meaning, amendments to the original bill should be looked to, and the journal of the General Assembly may be resorted to for this purpose. Sec. 6287, R. S. 1909; 36 Cyc. 1138; Ex parte Helton, 117 Mo. App. 609; State v. Koock, 202 Mo. 223. It is evident that the Legislature did not intend to limit the right of recovery by an administrator or executor to the pecuniary loss suffered by those who were dependent upon deceased, and that to so construe the statute is to interpolate into it words which were stricken out of the House bill by amendment 21905, and the effect of which is to give the statute a meaning directly in conflict, not only with the plain words of the statute itself, but with the evident purpose and intention of the Legislature. Southern Pacific Co. v. Wilson, 85 Pac. (Ariz.) 401; James v. Railroad, 95 Ala. 231; Railroad v. Sullivan, 120 Fed. (Fla.) 799; Searle's Admr. v. Railroad, 9 S. E. (W. Va.) 248. (3) The damages recoverable in this action are for the benefit of the estate, and the measure of damages is the loss to the estate of deceased by reason of his death. Sec. 5427, R. S. 1909; Hudson v. Railroad, 159 S. W. 14; Keeny v. McVoy, 206 Mo. 65; Stubbs v. Mulholland, 168 Mo. 73; Bingham v. Birmingham, 103 Mo. 345. The administrator is entitled to recover what the deceased would probably have accumulated if he had lived. Railroad v. Benedict, 159 S. W. (Ky.) 526; 13 Cyc. 366; Electric Co. v. Bowden, 15 L. R. A. (N. S.) 451; Railroad v. Sullivan, 120 Fed. 799; Coal Co. v. Enslen, 129 Ala. 336; Southern Pacific Co. v. Wilson, 85 Pac. (Ariz.) 401; Railroad v. Orr, 91 Ala. 548; Railroad v. Foxsworth, 41 Fla. 1; Railroad v. Massie, 128 S. W. (Ky.) 330. (4) Appellant's contention that deceased was guilty of contributory negligence, as a matter of law, is based

upon the assumption that it was admitted, or not controverted by any evidence in the case, that deceased, after going between the cars and adjusting the coupling, moved back against the wall or back of the chute and signaled, by waving his lantern, for the engine and cars to be moved, and that he thereby invited the movement of the train while he was in a position of danger; but that is not what the evidence shows. The witness, Elmer Carter, was on top of the chutes, and testified that while he could not see deceased's lantern, he could and did see the reflection of the light from the lantern on the banister, and that he saw no movement of the reflection, or any movement, indicating any movement or signal with the lantern. Wheeler also testified that he saw no movement of deceased's lantern or the reflection thereof. The witness also testified that the car moved back just about the time he heard the noise made by deceased opening the knuckle which shows that deceased did not have time, after opening the knuckle, to have stepped back and given a signal for the engine to move before the engine and car moved and he was caught. These witnesses were in better position to see and to know whether deceased gave a signal for the movement of the engine, than any other witnesses who testified in the case. Whether deceased gave a signal for the movement of the engine and cars while he was in a dangerous place was a question for the jury. Brady v. Railroad, 206 Mo. 530; Black v. Railroad, 172 Mo. 188; George v. Railroad, 225 Mo. 402. There is no assumption of risk in this case. The servant assumes the risks incident to his employment, but he never assumes the risk of injury occasioned by the master's negligence. Curtis v. McNair, 173 Mo. 280; Charlton v. Railroad, 200 Mo. 433; Yougue v. Railroad, 133 Mo. App. 152; Honea v. Railroad, 245 Mo. 621; Railroad v. McDade, 191 U. S. 67. It would have been such a simple matter for defendant to have constructed a platform, on the opposite side of the

track from the chutes, for the use of its employees who were compelled to go upon the elevated track to couple. and uncouple cars and perform other duties. The cost would have been a mere bagatelle. As said in the Mc-Dade case, it was so simple a task and so devoid of all exegencies of expense, necessity or convenience that not to make such a construction safe for the use of its employees "is a conviction of negligence." It is well-settled law that the servant is not obliged to refuse to use an appliance, or quit the service of the master, if he reasonably believes that by proper care and caution he can safely use the appliances, notwithstanding they are not so reasonably safe as the master is required to furnish. Mere knowledge of the defect is not, as a matter of law, sufficient to defeat plaintiff's action if the danger therefrom was not so obvious as to threaten immediate injury. Lee v. Railroad, 112 Mo. App. 406; Corby v. Telephone Co., 231 Mo. 442; George v. Railroad, 225 Mo. 405. (5) Under the testimony of witnesses, Carter and Wheeler, deceased did not place himself in an "obviously dangerous position on the platform opposite the coal chutes" and signal for the engine to move backward.

WALKER, P. J.—Plaintiff, as administrator of the estate of James E. Reilly, deceased, brought suit against defendant, a railway company, in the circuit court of Howard county, under section 5426, Revised Statutes 1909, for $10,000 damages for the death of said Reilly through the alleged negligence of the defendant. Upon a trial a verdict and judgment was rendered in favor of plaintiff in the sum of $8000, from which defendant appeals.

James E. Reilly, at the time of the accident and for three years prior thereto, had been employed by defendant as a railway brakeman on one of its trains running from Hannibal to New Franklin. On the night

of July 5, 1909, while in the discharge of his duty as a brakeman, at Wilcox, a coal station, he was directed with the aid of the engineer, to take two empty cars from an elevated track opposite certain coal chutes and set two other cars loaded with coal thereon, and in so doing he was caught and crushed to death between one of the cars and the wall of the coal chutes.

Defendant's track on the platform opposite the coal chutes was about fourteen feet above the level of the ground; the level portion of same, about 200 feet long, was reached by a switch track laid on an incline formed of trestle work; at the north end of the platform were six coal chutes; these chutes extended above the elevated track eight feet, and each was provided with a trap door to load coal into tenders of engines on the main line; the back of the chutes presented a solid wooden wall adjacent to the back of the platform or elevated track. The height of the wall above the platform was something more than six feet; the track on this platform was parallel with the wall, the nearest rail of same being about thirty-seven inches from the wall; the distance from the outer edge or side of a car when on this elevated track, to the face of the wall, was seven inches. On the opposite side of the track from the wall the body of a car, when on the elevated track, extended over the full width of the platform; the cars were provided with automatic couplers, and when the engine backed up to the first car, as directed by Reilly, it coupled without difficulty, but the coupler failed to work on the second car, and Reilly went over or through the cars, evidently open coal cars, and got down between them to open the coupler. This he did, and instead of climbing into the car and signaling the engineer to move the engine, he stepped out, between the track and the wall of the chute, and signaled the engineer with his lantern, and the latter responding thereto moved the cars with the result above stated.

The contention of the plaintiff is that the defend-
ant should have furnished a space sufficiently wide be-
tween the outside of the car and the wall to enable one
after coupling cars to stand there in safety, or, in
other words, that it was negligence on the part of the
defendant to leave only seven inches of space between
a car on the elevated track or platform and the wall;
that Reilly although familiar with the location, was not
chargeable with contributory negligence in stepping in-
to this space, instead of climbing back into the car be-
fore he gave the signal.

The petition summarized is as follows:

Plaintiff alleges his appointment as administrator
of the estate of James E. Reilly and that he brings this
suit as such; that deceased was an unmarried man,
twenty-two years of age, who left surviving him no
wife or minor child or children, but a father, mother
and brothers and sister, as his next of kin; that at the
station of Wilcox on defendant's line of railway it had
constructed an elevated track reached by inclined tres-
tle work, and had built thereon a platform elevated
about fourteen feet above the surface of the ground,
over and upon which cars were moved by defendant
for the transfer of coal from the cars into coal chutes;
that said platform was built along the back of the
chutes; that the back of the chutes extended about eight
feet above the elevated track and platform and was
solidly boarded up, forming a dead wall for a length
of about forty feet; that the intervening space between
the back of the chutes and the sides of cars standing
on the tracks opposite thereto, was not sufficiently wide
to afford employees a safe place to work while engaged
in coupling and uncoupling cars on said elevated track;
that defendant had negligently failed to construct and
maintain a platform, walk-way or passage on the side
of said elevated platform opposite said wall upon which
defendant's employees might stand in safety when
coupling or uncoupling cars on said elevated track, and

while the same were being moved thereon, and by reason of the premises said elevated track, platform, etc., were unsafe for the use of the employees of defendant who were required in the discharge of their duty to go and be upon said elevated platform and track in moving cars to and from said chutes, and in coupling and uncoupling cars thereon; that deceased was a brakeman on one of defendant's trains, and while in the performance of his duties as such, was directed to take two empty cars standing on the elevated track immediately opposite the coal chutes from the platform and place two other cars loaded with coal thereon; that it then and there became his duty to go upon said elevated track and platform and couple the engine with the said cars and couple the cars thereon together; that he had coupled the engine to the nearest car, and had gone to the end of the other car to make another coupling, and while so engaged at about the hour of nine o'clock at night, on the 5th day of July, 1909, by reason of the aforesaid negligence of defendant he was caught in the narrow space between the side of the car coupled to the engine and the back of said coal chutes, and his body crushed and such injuries inflicted that he then and there died. Plaintiff in his prayer states that the death of said Reilly was caused by the negligence of defendant and that plaintiff as administrator of the estate of deceased is entitled to recover the sum of ten thousand dollars by reason of said death.

Defendant demurred to the petition on the ground that it failed to state facts sufficient to constitute a cause of action; that it affirmatively appeared on the face of the petition that deceased was guilty of contributory negligence; that he had full knowledge of the conditions and dangers incident to his employment, which were open, obvious and apparent to him, and that he had assumed the risk of any injury sustained. This demurrer was overruled, and defendant answered

over, first, by general denial, and further that whatever injuries deceased sustained, if any, were occasioned by his own negligence contributing directly thereto, in that he went upon the elevated track and after he had made the coupling he negligently got upon the platform between the cars and the wall of the chute while the cars were being moved, instead of putting himself in a position of safety by getting upon the car before the same was moved; and, further, that he negligently placed himself on the side of the car next to the wall, and gave a signal for the moving of the engine necessary for the coupling of the cars, and in so doing placed himself in a position of danger; that he was further negligent in giving signals with his lantern for the movement of the engine and cars while standing between the wall and the sides of the cars instead of placing himself in a position of safety before giving the signal, as he might have done, from one of said cars; that he was further negligent in taking his position on the side of the platform next to the wall where he was in danger of being crushed, instead of placing himself in a position of safety upon one of the cars, and giving a signal therefrom; that by virtue of his contract of employment it was the duty of the deceased to couple cars elsewhere, as well as upon defendant's elevated track; that he was an experienced brakeman who had frequently before the accident coupled and uncoupled cars at night time, upon this elevated track, and at other tracks of similar character; that the dangers, if any, were open and obvious, and that by reason of the premises he had assumed the risk of all injuries received on the occasion mentioned in plaintiff's petition.

The defendant assigns error in the overruling of its demurrer to plaintiff's petition, in the court's refusal to give an instruction in the nature of a demurrer to the evidence; that the finding of the jury is against the evidence and the admitted physical fact that de-

fendant placed himself in· a position where he was bound to be crushed, and signaled and invited the movement of the train, which resulted in his death; that the court erred in giving improper instructions asked by plaintiff and in refusing proper instructions asked by defendant.

I. Defendant challenges the sufficiency of the petition in that it does not charge wherein the next of kin of the deceased have suffered pecuniary loss by reason of his death through the alleged negligence of the defendant.

Pleading:
Next of Kin:
Damages.

The next of kin, to-wit, the father, mother, brothers and sister of deceased are named in the petition, but aside from a general allegation of damages in the prayer, there is in the pleading no reference to injury suffered by anyone as a result of the death of decedent. The court could not, of course, be guided by the prayer in determining the nature of the relief sought. [State ex rel. v. Barnett, 245 Mo. 99.]

As an elementary proposition in measuring the sufficiency of a petition of. the character of the one under consideration, it may be stated generally, proper regard being had for the statute upon which the action is based, that the same rules of pleading are applicable as in an action for personal injury.

The right of action being statutory (Casey v. St. L. Tr. Co., 205 Mo. 721, 724; Id., 116 Mo. App. 235), the allegations of the petition should be sufficiently full and definite to bring the cause clearly within the purview of the statute, in conformity with the general rule that an action based upon a statute should charge such facts as will bring it within the terms of the act creating it. [Williams v. Railroad, 233 Mo. 666, 681; Gilkeson v. Railroad, 222 Mo. l. c. 183.]

While no greater certainty is required in the pleading than is found in the statute itself, at least those

facts which the latter names as the basis of the right of action, should be set forth. [31 Cyc. 115, and cases.] There is, however, a more cogent reason than the foregoing, and one more particularly applicable to the case at bar, why the petition should set forth the material portions of the statute upon which the action is based. By the terms of the statute the jury, within the limit named, are authorized to assess the damages at such sum as they may deem to be fair and just, reference being had to the necessary injury resulting from the death to the surviving parties who may be entitled to sue. These conditions are material parts of the statute and stamp it as compensatory. [Honea v. Railroad, 245 Mo. 1. c. 645; Boyd v. Railroad, 236 Mo. 54; Hegberg, Admr., v. Railroad, 164 Mo. App. 514, 559; Johnson v. Mining Co., 171 Mo. App. 134, 143.] Such being the character of the action the parts indicative of its nature are required to be proved to authorize recovery thereunder, and it is, therefore, necessary that they be pleaded. [Safford v. Drew, 3 Duer, 627, 633; Serenson v. Railroad, 45 Fed. 407.] This court in thus determining the character of this statute has on account of its unmistakable terms only found it necessary heretofore to declare it to be compensatory without alleging the reasons for this conclusion. In Hegberg v. Railroad, supra, and Johnson v. Mining Co., supra, NIXON and FARRINGTON, JJ., of the Springfield Court of Appeals, at different times and in different cases, have respectively elaborated with force and clearness not only the reasons why this statute is compensatory, but that being so, its material parts should be pleaded and proved. In addition, the purpose of each of the sections forming this statute and their relations to each other are succinctly defined by STURGIS, J., in a concurring opinion filed in the Johnson case, supra, leaving nothing more to be said on this question save by way of repetition.

It may be contended, as has been inferentially stated in opinions rendered by this court construing this statute, that an action thereunder brought in general terms, as in the case at bar, implies pecuniary loss to the beneficiaries from the death, and in the absence of pleading and proof of such loss a recovery may be had for at least nominal damages. While no reason has been stated here for this implied ruling, it is held in other jurisdictions that damages necessarily flow from the negligent killing and that whenever there is proof of such negligence on the part of the defendant and of the existence of next of kin, the action will lie at least for nominal damages. [Tiffany, Death by Wrongful Act (2 Ed.), sec. 180, and cases cited under note 174.]

However, except to determine whether the petition states a cause of action under any circumstances, the question of nominal damages is not involved in this case. Keeping in mind the general observations heretofore made in regard to the sufficiency of a petition of the character of the one at bar, notwithstanding this suit is brought by the personal representative, it becomes necessary for us to determine whether the following material facts have been properly pleaded: (1) the existence of beneficiaries such as "are entitled to sue" within the contemplation of the statute (Sec. 5427, supra), and (2) the personal injury suffered by such beneficiaries from the death of the decedent through the alleged wrongful act of the defendant.

Under the terms of the statute the verdict of the jury is to be determined by "reference to the necessary injury resulting from the death to the surviving parties who may be entitled to sue."

The correctness of the conclusion reached in the Hegberg and Johnson cases, supra, is not questioned, that where suit is brought by a personal representative, as here, he sues under the statute as a trustee of an express trust for such existing beneficiaries as are

named under section 332, Revised Statutes 1909, and
by these beneficiaries are meant "such surviving par-
ties as are entitled to sue" within the meaning of the
statute under which the action is brought. The St.
Louis Court of Appeals has reached a like conclusion
in Troll, Admr., v. Laclede Gas Light Co., 182 Mo.
App. 600. In other jurisdictions under statutes simi-
lar, and in some instances almost identical, with the
one here under review, it is held where suit is au-
thorized to be brought by a personal representative for
a wrongful death, the existence of the beneficiaries
should be alleged. [Oulighan, Admr., v. Butler, 189
Mass. 287; Vander Wegen v. Great Northern Ry. Co.,
114 Minn. 118, 121; Webster v. Norwegian Mining Co.,
137 Cal. 399; Railroad v. Maxwell, 113 Tenn. 464, 473;
Village of. Assumption v. Campbell, 95 Ill. App. 521;
C. B. & Q. Ry. Co. v. Oyster, 58 Neb. 1.]

But it is not necessary that such beneficiaries
should be named other than to indicate their relation-
ship to the deceased. [Conant v. Griffin, 48 Ill. 410;
Pennsylvania Co. v. Coyer, 163 Ind. 631; Howard v.
Del. & H. Canal Co., 40 Fed. 195, 6 L. R. A. 75.]

We find that the petition in the instant case al-
leges that "deceased was an unmarried man . . .
who left surviving him a father, mother, brothers and
sister as his next of kin." This is a sufficient allega-
tion as to the existence of beneficiaries and in this re-
spect the petition is not subject to objection.

II. Relative to the necessity of an allegation of
damages in the petition. As we have heretofore stated
generally while it has been impliedly held here and ex-
pressly held elsewhere, under petitions framed as in
the case at bar, that a verdict for nominal
Negligent        damages may be sustained, the rule seems
Killing of
Next of Kin:     to be well established, where substantial
Allegation of    damages are sought, to require the facts
Damages.         to be alleged showing the pecuniary loss

occasioned by the death of the decedent. Under the statute in question the jury, within the limit named, may award such damages as may be deemed fair and just, reference being had to the necessary injury resulting to the beneficiaries. In no other manner than by proof can it be determined what damages are fair and just in each particular case, reference being had to the injury caused by the death of decedent. Proof being necessary it can be admitted only under a pleading authorizing same.

In many cases based on statute similar to the one under consideration, it is held that a distinction is to be drawn between actions on behalf of beneficiaries so related to the deceased that the law imposed upon him, while living, the duty of their support, and those actions in which the beneficiaries were not so related; it being held in regard to the first class that it is enough if the petition shows the existence of such beneficiaries, the pecuniary loss or injury being thereby sufficiently averred (Peden v. Am. Br. Co., 120 Fed. 523; Kearney Elec. Co. v. Laughlin, 45 Neb. 390; City of Friend v. Burleigh, 53 Neb. 674); but in the second class it is necessary that the petition allege facts showing an actual pecuniary interest in the life of the decedent and a consequent loss by reason of his death. [Thompson v. Railroad, 104 Fed. 845; Greenwood v. King, 82 Neb. 17; Orgall v. C. B. & Q. Ry. Co., 46 Neb. 4.] No such distinction obtains here and in view of the plain and unequivocal terms of the statute we are of the opinion that the petition should allege the loss sustained by the beneficiaries by reason of the death of the decedent regardless of the degree of their relationship to him. [Rouse v. Electric Ry., 128 Mich. 149, 155; Regan v. Railroad, 51 Wis. 599, 602.] Lacking this essential averment the petition does not state a cause of action for substantial damages and this will suffice to determine the issue adversely to the plaintiff, unless, upon an examination of the facts, it is disclosed

that decedent came to his death through the negligence of the defendant, in which event the petition is sufficient to sustain a verdict for nominal damages which will authorize a reversal and remanding of the cause.

III.  Do the facts authorize a verdict for nominal damages?  The decedent was an experienced brakeman.  He had been employed in that capacity by defendant for three years prior to the accident which resulted in his death.  For three months immediately preceding the accident he had been brakeing on the particular division on which the elevated track and coal chutes were situated and had frequently at night time coupled cars at this point.  Thus familiar with the surroundings, as he must have been on account of the character of his labor, it would be contrary to all human experience if he did not know the relative locations of the switch track and the dead wall or back of the chutes.  Armed with this knowledge, if possessed with average intelligence, and there is nothing to indicate the contrary, he must have known that the space between a car on the switch track and the dead wall was not sufficient to permit one to stand there without being crushed.  In addition, he must have known that this space was not intended for the use of brakemen but simply to enable cars placed there for unloading to "clear" or be moved back and forth on the switch track without striking the wall.  There is no evidence that the space between a dead wall and the car track, at such locations as we find here, is ever used or is intended to be used by brakeman to step into after coupling cars; on the contrary, the evidence as to the custom at this particular location and elsewhere under similar circumstances is that after a coupling is made the brakeman climbs into the car and therefrom gives the engineer the signal to move.  Instead of so doing, the decedent stepped into the seven-inch space

*Contributory Negligence: Assuming Place of Obvious Danger.*

between the track and the wall, and with his lantern signaled the engineer to move the car which crushed the life out of decedent.

The books afford few parallels to this reckless disregard of one's own safety. We cannot characterize decedent's conduct other than that of contributory negligence. Fully aware of the conditions and dangers incident to his employment, which were not obscure but were open, obvious and apparent, he knowingly put himself in a place of peril and it must be held that he assumed the risk of the injury sustained. There are, therefore, no facts upon which a finding for even nominal damages can be sustained, and the judgment of the trial court is reversed. *Brown* and *Faris, JJ.,* concur in paragraph three and the result.